170 So. 496

## BARNHILL v. METROPOLITAN LIFE INS. CO.

### 7 Div. 133.

Court of Appeals of Alabama.

Oct. 6, 1936.

Rehearing Denied Oct. 27, 1936.

Chas. F. Douglass, of Anniston, for appellant.

Chas. D. Kline, of Anniston, and Cabaniss & Johnston, of Birmingham, for appellee.

SAMFORD, Judge.

As we read this record, every question of merit is fully decided in the case of Box v. Metropolitan Life Insurance Co., ante, p. 21, 168 So. 209; Id., 232 Ala. 447, 168 So. 220–223, including the opinions of this court and of the Supreme Court.

A sufficient answer to appellant's contention that replications 12, 13, and 14 differentiate the case at bar from the Box Case, supra, may be found in the cases of People's Bank & Trust Co. v. Walthall, 200 Ala. 122, 75 So. 570; Stephenson

Brick Co. v. Bessemer Engineering & Construction Co., 224 Ala. 494, 140 So. 573, where it is held that evidence of a custom cannot be received to alter, contradict, or vary the express terms of a contract.

In Corpus Juris it is said, on cited authority, that: "Valid custom and usage concerning the subject matter of a contract of which the parties are chargeable with knowledge, are by implication incorporated therein, unless expressly or impliedly excluded by its terms, and are admissible to aid in its interpretation, not as tending in any respect or manner to contradict, add to, take from, or vary the contract, but upon the theory that the usage forms a part of the contract. But evidence of usage is not admissible to vary or contradict the terms of a plain, unambiguous contract." 17 Corpus Juris, 492 (58). The contract here is plain and unambiguous, and custom of the defendant to settle admitted claims other than as stipulated would not constitute a waiver of its right to stand on the written terms of the contract plainly expressed.

The judgment is affirmed.

Affirmed.