BRADLEY, Judge.
Insurer appeals from a judgment entered on a jury verdict in favor of plaintiff-insured. We hold that the trial court erred in denying insurer’s motion for directed verdict, and reverse.
The record indicates that in June 1976 plaintiff as vice-president of the Exchange Bank of Attalla (“the Bank”), was covered by the Bank’s group, long-term disability (“LTD”) insurance policy. From December 1972 to July 1, 1976 the Bank’s LTD policy was underwritten by Mutual Benefit Insurance Company. Upon being notified by Mutual Benefit of an increase in premium rates for the LTD policy, the Bank procured a similar policy underwritten by appellant, Crown Life Insurance Company (“Crown”). This new policy went into effect on July 1, 1976, immediately following the termination of the Mutual Benefit policy. The Bank at all relevant times paid one hundred percent of the premiums for both the Crown and Mutual Benefit LTD policies.
Plaintiff O’Dell applied to Crown for LTD benefits in late 1976 or January 1977. According to her physician, Dr. Ralph Wesley, plaintiff had suffered from osteoarthritis since 1973. She had been hospitalized in June 1976 (i. e. during the month preceding the effective date of the Crown policy), suffering from a “severe” affliction of arthritis. Thereafter she returned to work, but her condition progressively worsened. During August 1976 plaintiff developed severe pains while on a two week vacation from her job. She was hospitalized on September 6, 1976 and has not worked since that time. Dr. Wesley further testified that plaintiff had become totally disabled during August 1976.
The Crown LTD policy under which plaintiff made her claim and upon which her suit was based contained a “Pre-exist-ing Condition Limitations” clause, which reads as follows:
If an insured employee becomes totally disabled as a result of sickness or bodily injury for which he was under the care of a physician or received medical care or services within the twelve month period immediately preceding the effective date of his insurance under this benefit,
the benefit payment period shall not commence until he shall have completed a waiting period of the greater of 180 days of continuous total disability or the Waiting Period shown in the BENEFIT SCHEDULE [90 days], and such benefit payment period shall not exceed twelve months with respect to the same or a related sickness or bodily injury, *1117 unless, between the effective date of his insurance and the first day of total disability, there has been a period of twelve consecutive months during which, with respect to the same or a related sickness or bodily injury, he was not under the care of a physician and did not receive medical care or services, in which case the limitations contained in the subsections of this paragraph shall not apply.
The Bank’s previous LTD policy with Mutual Benefit contained no such clause.
Crown does not dispute the fact that plaintiff is disabled. However, in processing Mrs. O’Dell’s claim and in the trial in this cause, Crown took the position that plaintiff’s condition was a pre-existing condition and that the reduced benefits provided for by the above-quoted clause should apply (i. e., that the elimination period should be 180 days rather than the normal 90 days; that Mrs. O’Dell’s benefit period should not exceed twelve months rather than continuing until she reached age sixty-five or was no longer permanently and totally disabled, etc.). Based on this contention Crown moved for a directed verdict in its favor at the close of all evidence, which motion was denied.
In its oral charge the trial court instructed the jury that in order for them to find that plaintiff was entitled to full benefits, they “would have to find that there had been a waiver by usage or custom in the trade of a pre-existing condition.” The jury returned a verdict in favor of plaintiff. The judgment entered by the trial court on this verdict found that plaintiff was entitled to the full benefits of the policy; specifically, that she was entitled to a net monthly benefit of $242.10 commencing after the expiration of the ninety day elimination period and that these payments should continue until plaintiff reached age sixty-five or so long as plaintiff remained totally and permanently disabled, etc.
The issue dispositive of this appeal, as we perceive it, is whether the trial court erred in failing to grant Crown’s motion for a directed verdict. Under the facts of this case we hold that such failure constituted reversible error.
In reviewing the refusal of the affirmative instruction to defendant, an appellate court must review the evidence in a light most favorable to plaintiff and affirm the trial court’s action if there is a scintilla of evidence to support the complaint. Ramos v. Fell, 272 Ala. 53, 128 So.2d 481 (1961).
Under the express provisions of the Crown LTD policy, plaintiff’s claim falls within the scope of the pre-existing condition limitation clause. The verdict and judgment for plaintiff, of necessity, must be grounded on a finding that the insurer is precluded, by waiver or otherwise, from relying on that clause as a defense to plaintiff’s claim. The only evidence of record which would even arguably constitute the scintilla of evidence necessary to support such a finding is as follows: (1) portions of the testimony of Charles Barnes, general counsel for the State Department of Insurance; and (2) portions of the testimony of Arthur Howard, president of the Exchange Bank of Attalla.
Mr. Barnes testified that it is the custom and practice in the insurance industry to waive pre-existing condition limitation clauses when an insurance company “picks up” and continues in force from another insurance company essentially identical coverage on the same group of employees. Mr. Howard testified that the insurance agent who wrote the Crown LTD policy, Mr. James Forman, had represented to the Bank during the initial negotiations for that policy that Crown would provide the “same coverage at the same premium” as had been provided previously by Mutual Benefit (the inference being, presumably, that the coverage provided by Crown would be identical to the Mutual Benefit coverage which made no provision for pre-existing conditions).
Mr. Barnes’ testimony is clearly inadmissible. Evidence of custom and usage may be admissible to explain what is doubtful, but it is never admissible to contradict what is plain, or to change an express contract. Mall Gift Cards, Inc. v. Wood, 288 *1118 Ala. 355, 261 So.2d 31 (1972). Evidence of a custom cannot be received to alter, contradict or vary the express terms of a contract. Barnhill v. Metropolitan Life Insurance Co., 27 Ala.App. 274, 170 So. 496 (1936).
Nor can the statements of Mr. For-man be relied upon by plaintiff to avoid application of the express terms of the Crown LTD policy, even if one makes the tenuous assumption that Mr. Forman was authorized to bind Crown by such statements. It is presumed that insurance policies contain the entire agreement of the parties thereto. Hartford Fire Insurance Company v. Shapiro, 270 Ala. 149, 117 So.2d 348 (1960). Parol negotiations, understandings and agreements are merged into the written policy. Oral contracts to insure are merged into the written policy and if the policy is accepted by the insured he is bound thereby, even though the policy did not correspond to preliminary negotiations. Id.
In the case at bar the president of the policyholder Bank testified that the policy issued by Crown was the policy the Bank had intended to buy, and that the Bank had never made a claim to Crown that such was not the case. If the policyholder Bank is bound by the terms of the policy then a fortiori the plaintiff, a third party beneficiary of that contract, is similarly bound.
Accordingly, we find no competent evidence sufficient to warrant submission to the jury of the issue of the applicability vel non of the pre-existing condition limitation clause. It is the duty of the court and not the jury to analyze and determine the meaning of a contract where, as here, the terms of the contract are clear and certain. C. F. Halstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644, 320 So.2d 657 (1975).. Under these facts plaintiff is clearly subject to the provisions of the terms of the clause in question and is entitled only to the benefits allowed thereunder.
Accordingly, we hold that the trial court erred in failing to grant Crown’s motion for directed verdict. The judgment and verdict is reversed and the cause remanded to the trial court.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.