168 So. 220

## BOX v. METROPOLITAN LIFE INS. CO.

### 7 Div. 369.

Supreme Court of Alabama.

March 26, 1936.

Rehearing Denied May 28, 1936.

See, also, ante, p. 1, 168 So. 216; and ante, p. 321, 168 So. 217.

Chas. F. Douglass, of Anniston, for petitioner.

Cabaniss & Johnston and Lucien D. Gardner, Jr., all of Birmingham, and Chas. D. Kline, of Anniston, for respondent.

FOSTER, Justice.

There is one important legal question presented by this petition for certiorari. We think it was correctly decided by the Court of Appeals in the opinion sought to be reviewed. It was not involved on former certiorari proceedings in this cause.

This is a disability policy of insurance, and six months after receipt of due proof of such disablement, the company agrees to begin making payments in one of certain periods of installment to be selected by insured until a definite amount is paid, as described in the complaint.

It is claimed that the insurer waived the proof by denying liability upon the sole ground that plaintiff was not permanently and totally disabled, and that such denial had the effect of accelerating the date of the installment payments so as to justify an immediate suit, in the first count for the first installment, and in the second and third counts, for all of them, to be calculated at their present cash value. This was by way of replication to a plea in abatement that the suit was prematurely begun, since no installment was due to be paid until the expiration of six months from the receipt of due proof, which it alleged did not occur until a certain date. The replication to be a good defense must be construed to mean that such a denial of liability justified an immediate suit, not waiting for the maturity of even the first installment payment. The court sustained demurrers to all the replications, except No. 10, which is to the same effect. That put the burden on plaintiff to prove that the insurer denied liability on that sole ground on May 24, 1933, since there

was no general issue pleaded to the plea in abatement.

There was a verdict for defendant, and the Court of Appeals held that the evidence did not support that replication, and the verdict on an affirmative charge for defendant was proper. In this ruling there is nothing for us to review. We do not see therefore how plaintiff was prejudiced by sustaining demurrer to the other replications, since plaintiff had the benefit of the question by replication No. 10, and lost on the issue of fact. But since the Court of Appeals did not predicate its ruling on that ground, but considered the merits of the principle sought to be presented by the replications, to determine whether a denial of liability by the insurer on the ground that plaintiff was not permanently and totally disabled, was not only sufficient to waive presentation of due proofs, but also accelerated the date of payment of the deferred installments, one or all of them, we feel that it is our duty to review that ruling without inquiring for ourselves whether a decision favorable to plaintiff on that question would show that he was in fact prejudiced.

The rule is recognized in this state that when an insurance policy stipulates for one payment of the sum agreed on for the loss, and that no suit can be brought until a certain time after the proof is furnished, when there is a waiver of the proof, the right of action immediately accrues. The authorities are cited in our case of Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817.

The policy in the instant suit fixes a time (when selected by insured) for the payment of each installment, all deferred. Their maturity may be set in the contract with reference to the date of the loss or any other event to be agreed on. But when fixed, it is definite such as the date for the performance of any other duty measured by a stipulated occurrence.

The question therefore should probably be controlled by the general rule applicable to the right of a party to begin suit at once on account of an anticipatory breach of it by the other. It is said that when a party is bound to the future performance of his bilateral contract, the other party may treat it as breached, and bring immediate suit, (a) when he puts it out of his power to perform it, or (b)

if he renounces the contract and declares his intention not to perform it. 13 Corpus Juris, 700, 701; 1 Restatement of Contracts, § 318; 3 Williston on Contracts, § 1325. But the "repudiation by one party, to be sufficient in any case to entitle the other to treat the contract as absolutely and finally broken * * * must at least amount to an unqualified refusal, or declaration of inability, substantially to perform according to the terms of his obligation." Mobley v. New York Life Ins. Co., 295 U.S. 632, 55 S.Ct. 876, 878, 79 L. Ed. 1621, 99 A.L.R. 1166, note p. 1172; 1 Restatement of Contracts, supra. And that principle was referred to in discussing such a policy as this in that case, by further observing: "Mere refusal, upon mistake or misunderstanding as to matters of fact or upon an erroneous construction of the disability clause, to pay a monthly benefit when due is sufficient to constitute a breach of that provision, but it does not amount to a renunciation or repudiation of the policy." And such is the rule elsewhere declared. Kimel v. Missouri State Life Ins. Co. (C.C.A.) 71 F. (2d) 921; Howard v. Benefit Ass'n of Ry. Employees, 239 Ky. 465, 39 S.W.(2d) 657, 81 A.L.R. 375, note p. 381; 99 A.L.R. 1172; Mutual Life Ins. Co. v. Treadwell (C.C. A.) 79 F.(2d) 487.

In the Mobley Case, supra, that court held the company did not repudiate the policies by denying that insured was so permanently and totally disabled as to be entitled to the benefits which would by the policy accrue when such condition should occur, and declined to follow the rule asserted in the Sixth Circuit to a different result, as announced in Federal Life Ins. Co. v. Rascoe (C.C.A.) 12 F.(2d) 693, 696. And the opinion concluded by observing that it was not necessary to decide whether the doctrine of an anticipatory breach is applicable to that class of contracts.

That court was but following the well-settled principle that there must be a repudiation of the contract as a binding obligation to justify a suit for a breach of it before it is due to be performed. We assume that the doubt expressed at the last may be due to the fact that such right does not exist in respect to a unilateral contract, and in view of the fact that, as there pointed out, the policy imposed no obligation on the insured. He was at liberty without breach of the contract to act

as he chose. 3 Williston on Contracts, § 318; Cobb v. Pacific Mutual Life Ins. Co. (Cal.Sup.) 51 P.(2d) 84.

But among the state courts the opinion is in hopeless conflict, some of them being cited in our case of John Hancock Mut. Life Ins. Co. v. Large, 230 Ala. 621, 162 So. 277. Many cases hold that a denial of liability because of a claim that insured is not so disabled has the effect of justifying a suit at once for the present value of all deferred payments, making no distinction as to whether the denial is a repudiation of the contract, nor that such repudiation does not accelerate payments under a unilateral contract. The authorities on both sides of the question are cited in the notes of 99 A.L.R., beginning on page 1171.

The question does not seem to have been before this court in respect to an insurance policy, although the general rule has been referred to, that a repudiation of a contract justifies a present suit for its breach. Wise v. Sparks, 198 Ala. 96, 73 So. 394; Dominey v. Johnson-Brown Co., 219 Ala. 666, 123 So. 52.

We do not think that a denial of liability consistent with the continuing effect of the contract, and not in repudiation of it, can, in respect to any sort of contract, justify a suit as for its breach before the time stipulated for its performance, though it may waive dependent requirements to be performed by the promisee.

No allegation of a complete renunciation is here made in the replications, nor is the complaint based upon such claim; therefore it is not necessary for us to declare what its effect would be. The Court of Appeals was correct, we think, in holding that a waiver of proof by denying liability on the sole ground that plaintiff was not permanently and totally disabled served to fix a date of the first installment, and did not accelerate its payment.

We think there is nothing in the opinion of the Court of Appeals of which plaintiff can complain on his petition to this court for certiorari. Writ is therefore denied.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN. JJ., concur.