■  JOHN B. MEDARIS, Respondent, v. LIONEL CORPORATION, Appellant.— Order and judgment so far as appealed from, unanimously modified, on the law, as herein indicated, without costs or disbursements to either party. March 15, 1962, the parties entered into an agreement and release whereby the services of plaintiff as Chief Executive Officer of defendant were terminated. Under the terms of the agreement defendant undertook to pay to plaintiff a total sum of $150,000 as follows: $30,000 upon the execution of the agreement and $20,000 on March 15 of each of the next six consecutive years commencing with March 1963. The $30,000 due upon execution was paid, as was the $20,000 due March 15, 1963. There was a default in the payment due March 15, 1964, and plaintiff instituted this action claiming in the first cause (the only one with which we are concerned) the full unpaid balance of $100,000. Special Term granted plaintiff's motion for summary judgment on the first cause of action for the total sum of $100,000 plus interest from March 15, 1964. This was error. It should be noted that the agreement and release of March 15, 1962, does not contain an acceleration clause, and is a contract for the payment of a sum of money only. The doctrine of anticipatory breach of an executory contract "has no application to contracts for the payment of money only, in installments or otherwise" (*Indian Riv. Islands Corp.* v. *Manufacturers Trust Co.*, 253 App. Div. 549, 551; *Kelly* v. *Security Mut. Life Ins. Co.*, 186 N. Y. 16; *Sulyok* v. *Penzintezeti Kospont Budapest*, 279 App. Div. 528). Accordingly the order appealed from is modified to grant judgment to plaintiff for the three installments presently due, with interest as indicated, that is, for $20,000 with interest from March 15, 1964, for $20,000 with interest from March 15, 1965, and for $20,000 with interest from March 15, 1966, and as so modified is otherwise affirmed. Settle order on notice. Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.