▪ SHOLOM & ZUCKERBROT QUEENS LEASING CORP., Appellant, v. FORATE REALTY CORP., Respondent.—Order of the Supreme Court, Queens County, dated May 31, 1967, modified, on the law, (1) so as to except the third cause of action from the denial of plaintiff's motion for summary judgment and to grant the motion as to that cause of action and (2) so as to strike out the decretal provision denying defendant's cross motion for summary judgment dismissing the first and second causes of action and to provide that the cross motion is granted. As so modified, order affirmed, without costs. The oral agreement alleged by defendant in opposing the third cause of action was without valuable consideration to plaintiff because defendant's oral promise to give a mortgage on its building was unenforcible (General Obligations Law, § 5–703; cf. *Bateman Fuel Oil Serv.* v. *Sklaver,* 6 A D 2d 868). Plaintiff, not having accepted a new obligation and security, was not obliged to forbear enforcement of the September 12, 1966 promissory note. Plaintiff's first cause of action, to recover the full amount of the commission, is based upon an agreement which was modified or superseded by the letter agreement of November 1, 1965, providing for payment in three installments, and should have been dismissed. Plaintiff's second cause of action, also for the full commission, is based on the theory of anticipatory breach, alleging a default in payment of the first installment due under the letter agreement. The theory of anticipatory breach has no application to this contract for periodic payment of money; and recovery is limited to the payments due as of commencement of the action (*Sinkwich* v. *Drew & Co.,* 9 A D 2d 42, 46; *McCann* v. *Hancock Mut. Life Ins. Co.,* 48 Misc 2d 325, 326). Secondly, the parties agree that the promissory note of September 12, 1966 was delivered and accepted in payment of the first installment due under the letter agreement. Taking the note in payment, and not merely as evidence of the debt, extinguished the debt and defendant was not in default under the agreement (*Industrial Bank of Commerce* v. *Shapiro,* 276 App. Div. 370, 372, affd. 302 N. Y. 566). Christ, Acting P. J., Brennan, Hopkins and Munder, JJ., concur; Rabin, J., not voting.