Louis L. SCHWARTZ, Plaintiff,

v.

VICTORY CONTAINER CORP. and Edwin F. RADIN, Defendants.

No. 66 Civ. 1015.

United States District Court
S. D. New York.

Jan. 13, 1969.

Bader & Bader, New York City, for plaintiff, I. Walton Bader, New York City, of counsel.

Begun & Raff, New York City, for defendants, Michael Begun, New York City, of counsel.

## OPINION

LEVET, District Judge.

In this diversity case and on my own motion, pursuant to the duty imposed upon federal courts to scrutinize jurisdictional requirements, I have raised the question of whether or not, as presented in the complaint itself, this "matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, * * *" as required by Title 28 U.S.C. A. § 1332(a).

In attempting to resolve this question I held a hearing on December 13, 1968, at which counsel for the parties appeared, and I asked counsel for the plaintiff to state the specific claims of the matter in controversy. I subsequently received a memorandum from both plaintiff and defendants. Upon examination of the defendants' memorandum, it appears that they also move to dismiss the complaint for lack of jurisdiction.

The action was started on April 11, 1966, when a complaint, based on diversity of citizenship, was filed in this court.

## THE COMPLAINT

The *second cause of action*, which appears to be the basic claim of this suit, is a claim for breach of contract in which a total amount of $2,050 is allegedly involved.

The *first cause of action*, which is based upon the same contract and breach thereof, seeks solely exemplary damages in the sum of $100,000.

The *third cause of action*, likewise based upon the same contract, alleges anticipatory breach and seeks damages of $106,029 solely on account of such anticipatory breach rather than on any sum due at the time of the commencement of the action.

For the reasons hereinafter stated, this action must be dismissed since the matter in controversy does not exceed the sum or value of $10,000 exclusive of interest and costs (Title 28 U.S.C.A. § 1332).

### I.

### THE FIRST CAUSE OF ACTION FOR EXEMPLARY DAMAGES IN A CONTRACT CASE

The jurisdictional amount may not be founded upon a claim for exemplary damages which may not be legally awarded. Young v. Main, 72 F.2d 640 (8th Cir. 1934); Schroeder v. Nationwide Mutual Insurance Company, 242 F.Supp. 787 (S.D.N.Y.1965). The contract alleged and affixed to the complaint appears to have been signed by the plaintiff, Schwartz, then a resident of the City and State of New York, and the defendant, Victory Container Corp., likewise a resident of the City and State of New York. There is no indication that the contract was entered into elsewhere.

In a diversity case the federal court must follow state law in ascertaining jurisdictional amount based on good faith claim for exemplary damages. Davenport v. Mutual Benefit Health and Accident Ass'n, 325 F.2d 785, 787 (9th Cir. 1963). See also Gray v. Occidental Life Insurance Company of California, 387 F.2d 935, 936 (3rd Cir. 1968), cert. denied 391 U.S. 926, 88 S.Ct. 1825, 20 L.Ed.2d 665; Greene v. Keithley, 86 F. 2d 238 (8th Cir. 1936).

■ As a general rule, in the absence of statutory authority, exemplary damages are not recoverable in actions for breach of contract, irrespective of motive on the part of defendant which prompted the breach. 25 C.J.S. Damages § 120, pp. 1126, 1127. See Young v. Main, supra; Schroeder v. Nationwide Mutual Insurance Company, supra, 242 F.Supp. at 788, and cases therein cited.

■ None of the authorities cited by the plaintiff to support exemplary damages related to contract cases; none is applicable to this case. It is my opinion that exemplary damages or punitive damages are not permissible in contract cases in the State of New York.

## II.

### THE THIRD CAUSE OF ACTION FOR ANTICIPATORY BREACH

At the time of the commencement of this action, the only amounts which were claimed by the plaintiff as already due were $2,050, as hereinbefore stated. (See Second Cause of Action of the complaint) In addition to the claim for exemplary damages, as above set forth, the plaintiff seeks damages for anticipatory breach—in other words, based upon future damages on account of alleged breach of payments not then due under the contract.

■ The factual foundation for this action is a contract (Ex. A attached to the complaint) between plaintiff, Schwartz, and defendant Victory, whereby Victory employed Schwartz as a salesman for the duration of his life for the payment of $75.00 per week. There is no provision for immediate payment or acceleration of payment of such weekly sums for the balance of the life term in the event of default by Victory. Moreover, under that contract the personal services of Schwartz are necessary except for a limited period during which the widow of Schwartz was to be paid the stipulated weekly payment. Hence, the claim at this time cannot include future accruals.

It is my opinion that under the laws of the State of New York this theory of anticipatory breach has no application to this contract, which is for periodic payment of money, and that recovery would be limited to the payments due as of the commencement of the action. See Sholom & Zuckerbrot Queens Leasing Corp. v. Forate Rlty. Corp., 29 A.D.2d 571, 286 N.Y.S.2d 364 (1967); Medaris v. Lionel Corp., 25 A.D.2d 735, 268 N.Y.S.2d 936 (1966).

In Sholom & Zuckerbrot, supra, the Appellate Division, Second Department, held as follows:

"The theory of anticipatory breach has no application to this contract for periodic payment of money; and recovery is limited to the payments due as of commencement of the action (Sinkwich v. Drew & Co., 9 A.D.2d 42, 46, 189 N.Y.S.2d 630, 634; McCann v. John Hancock Mut. Life Ins. Co., 48 Misc.2d 325, 326, 264 N.Y.S.2d 728, 730)."

■■ Furthermore, it is the rule in federal courts that in the determination of federal jurisdiction only the value of that which is presently being litigated may be counted. See Commercial Cas. Ins. Co. v. Fowles, 154 F.2d 884, 165 A. L.R. 1068 (9th Cir. 1946); Keck v. Fidelity and Casualty Co. of N. Y., 250 F. Supp. 309 (1965), aff'd 359 F.2d 840 (7th Cir. 1966); Bree v. Mutual Benefit Health and Acc. Ass'n., D.C., 182 F. Supp. 181 (1959).

### CONCLUSION

It conclusively appears that the allegation of monetary damage contained in the complaint is insufficient to sustain jurisdiction in this court. Therefore, the complaint is dismissed for lack of such jurisdiction.

Settle order on notice.