■ FRANKLIN SOCIETY FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v FAR-PAP CORP., Appellant, et al., Defendants.—In a mortgage foreclosure action, defendant Far-Pap Corp. appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Queens County, dated June 24, 1976, as, after a nonjury trial, is in favor of plaintiff and referred the action to a referee to compute the amounts due the parties. Interlocutory judgment affirmed insofar as appealed from, with costs. Defendant-appellant, a corporation dealing in real property, is the owner of a substantial parcel of real property subject to a first mortgage in the sum of $225,000 held by the plaintiff. Mortgage installments of approximately $1,900 of principal and interest were due and payable on the first day of each month, with the customary 30-day grace period. Appellant's installment for the month of December, 1974 was late, but was finally paid on January 10, 1975. Unfortunately, the fact that appellant had finally paid the December installment was not communicated to plaintiff's assistant vice-president, who, by letter dated January 14, 1975, wrote the appellant to inform it that (1) the mortgage was in default, (2) plaintiff had elected to accelerate the entire amount and (3) "partial payments will not be accepted and any payments mailed by * * * [appellant] will be returned." Appellant thereafter failed to pay the January installment, and plaintiff commenced this action. Upon the record, we agree with Trial Term that plaintiff's letter of January 14 did not serve as a valid election to accelerate the entire amount; hence, the appellant could have cured its January default at any time before the plaintiff made a further proper and valid election to accelerate. This plaintiff did by the filing of a *lis pendens* and the service of a summons and complaint in February, 1975 (see *Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472, 476; *Staten Is. Sav. Bank v Carnival,* 39 AD2d 779, 780). Further, appellant's contention that plaintiff was guilty of an "anticipatory breach" of the terms of the mortgage contract lacks merit inasmuch as the doctrine of anticipatory breach is not applied with regard to contracts for the payment of money in fixed monthly installments (see *Kelly v Security Mut. Life Ins. Co.,* 186 NY 16, 19; *Long Is. R. R. Co. v*

*Northville Inds.,* 41 NY2d 455). Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.