**WILLIAM B. TANNER COMPANY,**
**Appellant,**

v.

**CAMERON RADIO, INC., d/b/a Radio Station, KMRN, Appellee.**

No. 79–1568.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1980.

Decided March 21, 1980.

Albert G. McLean, Picard, for appellant; Caywood, Lucas & Watson, Memphis, Tenn., Michael B. Shteamer, Levy & Craig, Kansas City, Mo., and Louis R. Lucas, Memphis, Tenn., on brief.

Wendell E. Koerner, Jr., Brown, Douglas & Brown, St. Joseph, Mo., for appellee; Suzanne Bocell Bradley, St. Joseph, Mo., on brief.

Before GIBSON, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Plaintiff-appellant William B. Tanner Company (Tanner) appeals from the district court's[1] granting of defendant-appellee Cameron Radio's motion to dismiss for lack of jurisdiction. The complaint alleged a breach of contract by Cameron Radio, and sought jurisdiction under 28 U.S.C. § 1332, alleging diversity of citizenship and damages in excess of $10,000. The district court concluded it was a legal certainty appellant could not recover an amount in excess of $10,000. We reverse.

Tanner and Cameron Radio entered into a contract in which Tanner agreed to deliver and license to Cameron Radio a service known as "Tanner Total Sound Library." The contract refers to itself both as a "license" and a "lease agreement." Tanner agreed to deliver at a minimum "ten new Library productions" per month for the duration of the lease, a five-year period beginning on June 26, 1976.

In return for this service Cameron Radio agreed to pay $2,700 at a rate of $45.00 per month over the five-year period. Additionally it agreed to pay Tanner in broadcast time by allowing Tanner the use of 3120 one-minute spot announcements. The radio station reserved the right to accept each order for a spot announcement, such acceptance not to be unreasonably withheld.[2]

Cameron Radio had accepted, and Tanner used, 23 of the 3120 spot announcements, leaving a balance of 3097 spots. Tanner alleged in his complaint that "[d]efendant has refused and continues to refuse to allow plaintiff to utilize any of said spots." It alleged the fair market value of these spots

to be $6.00 each; the total value of the unused spots being $18,582. Tanner also alleged Cameron Radio has refused and continues to refuse to make any further cash payments, and seeks the $2,070 remaining unpaid. Plaintiff therefore states the amount in controversy is $20,652.

Applying the principles of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 590–591, 82 L.Ed. 845 (1938), the district court held

it is legally certain under the Missouri law * * * that plaintiff cannot recover an amount in excess of the $10,000 jurisdictional amount for the reason that possible future payments for the spot announcements may not possibly be considered as due and owing under the allegations of the complaint.

*William B. Tanner Co. v. Cameron Radio Co.*, No. 79–6023–CV–SJ (W.D.Mo. June 13, 1979).

The district court held, and the parties do not contest, that Missouri law applies. We agree.[3] *See, e. g., Moss v. National Life & Accident Insurance Co.*, 385 F.Supp. 1291, 1295–97 (W.D.Mo.1974); *Auffenberg Lincoln-Mercury, Inc. v. Wallace*, 318 S.W.2d 528, 532 (Mo.App.1958) (matters respecting the remedy for breach of contract will be governed by the law of the state where the action was brought).

Tanner contends Cameron Radio's refusal to pay several installments of the cash payment which were past due when the complaint was filed; its refusal to make future cash payments; and its refusal to accept any request for the unused spot announcements allowed Tanner to bring an action for the entire amount of the contract. It argues that *Hawkinson v. Johnston*, 122 F.2d 724 (8th Cir.), *cert. denied*, 314 U.S.

1. The Honorable John W. Oliver, Chief Judge for the United States District Court for the Western District of Missouri.

2. Both parties concede the district court misinterpreted the contract in finding that the appellee was obligated "to pay an unspecified amount of money in addition to the $2,700, for 3120 one minute spot announcements." Clearly the $2,700 and 3120 spot announcements

were full payment for the service provided by Tanner. Cameron Radio argues this error is immaterial to the district court's holding.

3. We note that in any event the law of Tennessee (plaintiff's place of business and the "situs" of the contract) does not appear to require a contrary result.

694, 62 S.Ct. 365, 86 L.Ed. 555 (1941) provides Tanner with two theories for recovery for total breach under Missouri law: (1) anticipatory breach because of the repudiation of all obligations not yet due under the contract; and (2) actual total breach based on the actual breaches in performance accompanied by repudiation of future performance.

Because this case is before us on the granting of a motion to dismiss for a lack of jurisdictional amount, the controlling question is whether or not "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *St. Paul Mercury Indemnity Co. v. Red Cab Co., supra,* 303 U.S. at 289, 58 S.Ct. at 590.

We first examine the argument that a pure anticipatory breach theory allows Tanner recovery of the jurisdictional amount. In *Hawkinson v. Johnston, supra,* 122 F.2d at 730, this court held that "within the conditions and qualifications of the rule applied to general contracts under the Missouri decisions, the doctrine of total breach by anticipatory repudiation is applicable to contracts of lease in that state." *Hawkinson* adopted the Restatement of Contracts definition of anticipatory repudiation [4] as interpreted by the Missouri courts:

> [W]here the contract is mutually executory, at least in part, and there are interdependent covenants to be simultaneously performed, a repudiation or renunciation of the contract, on the part of one, covering the entire performance, before the time of performance, is such a breach as gives immediate right of action for the entire damages arising as a result of the breach; but where one party has completely executed his part of the contract and it is executory on the part of the other party only, or where the contract is unilateral or it is bilateral but contains an

independent promise, such as a contract with respect to the payment of money at specified times, in case of repudiation a suit may be maintained only for each installment as it becomes due, or, if action is not brought until more than one installment is due, then all that are due may be sued for in one action.

*Hawkinson v. Johnston, supra,* 122 F.2d at 729 (quoting *Allen v. National Life & Accident Insurance Co.,* 228 Mo.App. 450, 67 S.W.2d 534, 534–35 (1934)). *Hawkinson* has since been cited as the correct statement of Missouri law on this point. *See, e. g., Ewing v. Miller,* 335 S.W.2d 154 (Mo.1960); *Burch v. Union Life Insurance Co.,* 319 S.W.2d 908 (Mo.App.1959).

Therefore the issue is whether the contract between Tanner and Cameron Radio is mutually executory, at least in part, with interdependent obligations, or whether it has been wholly executed on one side and remains executory only on the part of the other party.

Like the court in *Hawkinson,* we find the covenants in the present case to be mutually executory and interdependent. The contract states that it is in consideration of "the mutual covenants and promises hereinafter contained." Tanner then agrees to deliver and license the use of the library service to Cameron Radio for the license period, and Cameron Radio agrees to the payments of cash and the providing of spot announcements to Tanner upon request. We find these covenants to be mutually executory and interdependent as defined in *Hawkinson,* and conclude under Missouri law an absolute repudiation of the station's obligations allows Tanner to sue for the entire amount of the contract.[5]

Tanner's second theory of recovery also relies on *Hawkinson,* which held a cause of action for total breach was stated by an actual breach together with repudiation of

4. Restatement, Contracts § 318.

5. *See also* 4 A. Corbin, Contracts § 970, at 896:
   If the time for the defendant's promised performance was not definitely fixed in the contract but the defendant promised to perform whenever requested by the plaintiff or

as soon as the plaintiff should have performed certain conditions precedent, a repudiation of the defendant is regarded by all courts without exception, as a breach of the contract, creating an immediate right of action.

the remaining obligations under the contract. That factual situation has been alleged in the present case, where the complaint states Cameron Radio refused to make payments which were past due, and additionally refuses its remaining obligations of money and the providing of the unused spot announcements.

Cameron Radio's attempt to distinguish *Hawkinson* is unpersuasive. Further, an examination of the Missouri cases cited by the district court for the proposition that a lack of an acceleration clause in the contract forbids bringing an action for the entire contract amount indicates they do not stand for that proposition.[6]

The district court relies on *Schwartz v. Victory Container Corp.*, 294 F.Supp. 866 (S.D.N.Y.1969) for the proposition that, absent an acceleration clause, the remaining spot announcements cannot be part of the recovery, and therefore the jurisdictional amount is not involved. We believe *Schwartz* is distinguishable on its facts. That court applied New York law, and concluded the doctrine of anticipatory repudiation had no application to the contract before it, which was for the periodic payment of money. The contract in *Schwartz* was an employment contract in which the employer agreed to pay Schwartz $75.00 per week for the rest of his life. On default by the employer, the court ruled that New York law prohibited an action for future weekly payments. For the reasons previously stated, *Hawkinson* requires us to reach a different result given Missouri law and the facts of the instant case.

The most serious question in this case is whether, notwithstanding the law of *Hawkinson*, Tanner's complaint actually alleges an absolute repudiation. Tanner argues this issue should not be considered on appeal because Cameron Radio did not raise it in the proceedings below. Even if this were so, we believe the issue to be so closely connected with jurisdiction that we must consider it. We agree the complaint is not a model of clarity, but construe it so as to reach substantial justice, Fed.R.Civ.P. 8(f). We examine the complaint considering its purpose of providing fair notice, *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–103, 2 L.Ed.2d 80 (1957), and view it in a light favorable to plaintiff so as to "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.*

We conclude that in paragraphs five and six of its complaint, Tanner alleged facts sufficient to constitute a total breach. Concerning the cash payments, the complaint alleged: "Defendant has refused and continues to refuse to pay plaintiff any further cash sums due under this contract." Regarding the unused spots, the complaint alleged 3097 were still not used, the contract provided the spots are "valid until used," and "[d]efendant has refused and continues to refuse to allow plaintiff to utilize any of said spots." Cameron Radio argues such an allegation does not show a request for performance, but it is our view alleging "defendant has refused and continues to refuse" fairly implies a demand or request for performance.[7]

Having found the complaint to allege a repudiation and therefore a cause of action

---

6. The cases cited by the district court, *Damon Alarm Corp. v. Economic Development Corp.*, 555 S.W.2d 694 (Mo.App.1977) and *Bengimina v. Allen*, 375 S.W.2d 199 (Mo.App.1964) involved the validity and enforceability of contracts in which there had been an omission in filling in blanks in the contract. Both cases involved the validity of contracts where the equipment to be furnished was not described or identified. The courts held that because of this omission, there could be no meeting of the minds concerning the subject matter, and

therefore no valid contract existed. Because we do not feel the validity of the contract is an issue properly before us, *see* note 8 *infra*, we are persuaded these cases are not controlling on the issues which are before us.

7. Even if the complaint were found technically deficient, we believe Tanner should be allowed to amend it accordingly, especially in light of the fact Cameron Radio did not challenge the complaint by proper motion or answer at the pleading stage before the district court.

 

for total breach under Missouri law, we conclude that Tanner has alleged the jurisdictional amount.

The test is: what is the subject of the action? If in controversy are only the installments presently due, then the value of future installments which may still be payable cannot be counted in the jurisdictional amount. On the other hand, if the action actually involves a determination of the total obligation between the parties, then the value of this total obligation should rightly be considered in ascertaining the amount in controversy.

Applying these principles to contract actions, if the suit is merely for the recovery of installments present due, with the contract itself continuing in effect, then only the sum of the installments presently due may be counted in determining the jurisdictional amount, for the collateral effect of the present judgment on future installments may not be considered. *Where, however, the suit involves a total breach of contract, affecting both present and future liability, it is proper to consider the whole value of the contract.* 1 Moore's Federal Practice ¶ 0.93[5.–1], at 898 (2d ed. 1979) (footnotes omitted) (emphasis added).

While we conclude the liberally construed complaint alleges a total· repudiation of Cameron Radio's obligations, on remand the district court is of course free to require amended pleadings. Further, we emphasize our findings are directed only at the issue of jurisdiction, and we express no opinion concerning the merits of the case. Questions involving the merits concern the proof behind the allegations, and are clearly not before us. All we hold is that, following the test of *St. Paul Mercury Indemnity Co. v. Red Cab Co., supra,* 303 U.S. at 289–90, 58 S.Ct. at 590–591, it is not legally certain under Missouri law that Tanner cannot re-

cover an amount in excess of the $10,000 jurisdictional amount.[8]

Reversed and remanded for further proceedings consistent herewith.

---

8. Cameron Radio argues in its brief that the contract is vague and unenforceable because there was no meeting of the minds between the parties. The district court did not reach a decision as to the validity of the contract, but language of the opinion indicates it assumed a valid contract existed. It does not appear from the record this issue was raised below, nor is it among the questions certified on appeal. We are not in the best position to decide the question and see no reason to reach it at this point. "Where an issue (except of jurisdiction) has not been raised or considered below but is presented here for the first time, this Court will not examine it." *Goldie v. Cox,* 130 F.2d 695, 715 (8th Cir. 1942).