■ JOSEPH V. MORAWSKI, Appellant, v BOARD OF EDUCATION OF THE GREATER AMSTERDAM SCHOOL DISTRICT et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered October 16, 1980 in Montgomery County, which granted defendants' motions to dismiss plaintiffs' complaint. Plaintiff entered into an agreement with defendants Bert De Rose, the associate principal of Amsterdam High School, and Rosiland Sinicropi, a teacher and yearbook advisor at the school, on August 28, 1979, pursuant to which plaintiff was to provide photographic services in conjunction with a yearbook issued by Amsterdam High School. By letter dated November 5, 1979, plaintiff was informed by counsel for the Greater Amsterdam School District that the agreement entered into with Mr. De Rose and Ms. Sinicropi was "illegal and of no force and effect" because the contracting parties had no authority to enter into the agreement. On May 7, 1980, plaintiff served a notice of claim upon defendants alleging that the contract had been breached on April 30, 1980 when plaintiff was notified that defendants were not going to

abide by the terms and conditions of the written contract and had offered the contract to another photographer. Defendants moved to dismiss plaintiff's complaint pursuant to CPLR 3211, alleging that the signatories to the agreement, De Rose and Sinicropi, did not have the power to enter into a contractual relationship on behalf of the school district. They also alleged that plaintiff's action was time barred for failure to serve a timely notice of claim pursuant to section 3813 of the Education Law. Special Term granted defendants' motions, holding that no cause of action for breach of contract was alleged in the complaint against the school district and that, in any event, plaintiff failed to serve a timely notice of claim as required by section 3813 of the Education Law. As to the individual defendants, Special Term held that they could not be held individually liable because they had signed the contract as agents of Amsterdam High School. Having disclosed their principal, no personal obligation attached to them. Plaintiff contends that the letter abrogating the contract was an anticipatory breach of the contract, and he could, therefore, elect to treat the date set for performance of the contract, April 30, 1980, as the date upon which the claim accrued. The relevant statute, section 3813 of the Education Law, refers to the accrual of a claim. A claim accrues when it matures, that is, when damages become ascertainable (*Matter of Board of Educ.* [*Wager Constr. Corp.*], 37 NY2d 283, 290). Here, plaintiff's claim accrued upon receipt of the letter from the school district repudiating the agreement. On that date, plaintiff's damages were immediately ascertainable. Plaintiff's service of a notice of claim on May 7, 1980 was, therefore, untimely, requiring dismissal of the complaint. Plaintiff's complaint against the other defendants was also properly dismissed because the complaint fails to allege that they acted other than in a representative capacity, and consequently they cannot be held personally liable. Order affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.