Hugh FOX, Sr., as Conservator of The Estate of Clara Fox, Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Defendant.

No. 80 Civ. 7238 (CMM).

United States District Court, S.D. New York.

Jan. 6, 1983.

Lawrence A. Porcari, Yonkers, N.Y., for plaintiff.

Semel, McLaughlin, Boeckmann & Skydel, New York City, for defendant; Louis J. Schepp, New York City, of counsel.

METZNER, District Judge.

Plaintiff, the husband, and conservator of the estate, of Clara Fox, instituted this action against defendant, Liberty Mutual Insurance Company, under the New York no-fault law. *See* N.Y. Ins. Law § 670, *et seq.* (McKinney Supp.1982).

Mrs. Fox, a resident of New York, was injured while being transported to a hospital in an ambulance covered by liability insurance issued by the defendant. The owner of the vehicle is a resident of New York, as is the plaintiff.

The court sua sponte has dismissed the action for lack of subject matter jurisdiction. 28 U.S.C. § 1332(c) states:

"Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

The above quoted proviso was added in 1964 in response to the adoption by Louisiana and Wisconsin of statutes permitting direct action against the liability insurance carrier rather than the alleged wrongdoer. The purpose of the amendment was to prevent litigation arising under these statutes from coming into the federal courts because of diversity jurisdiction. However, there is no reason why the section should not be applicable to subsequently adopted state no-fault laws. They create the same problem of increasing federal diversity jurisdiction. The language is broad enough to encompass any direct action against the insurance company on a liability policy. Consequently, the defendant is a resident of the state of New York, and the court, because of lack of diversity, does not have subject matter jurisdiction.

The court has found no authority on this point in this circuit. However, the Sixth Circuit in *Ford Motor Company v. Insurance Company of North America,* 669 F.2d 421 (6th Cir.1982), examined the issue thoroughly and came to the conclusion that the federal district court lacks subject matter jurisdiction in this type of case. In an analogous situation involving workmen's

compensation, the Fifth Circuit reached a similar conclusion. *Hernandez v. Travelers Insurance Co.,* 489 F.2d 721 (5th Cir.), *cert. denied,* 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974). This court agrees with the reasoning in both of these cases.

Complaint dismissed.

So ordered.