■ DAWN FROSTED MEATS, INC., Respondent, v INSURANCE COMPANY OF NORTH AMERICA, Appellant. — Judgment, Supreme Court, New York County (Frederick Bryant, J.), entered on May 19, 1982, upon a jury verdict in favor of the plaintiff Dawn Frosted Meats, Inc. (Dawn) in the sum of $450,000 (plus $432,855 interest computed from October 25, 1967 and costs of $425 for a total of $883,280), unanimously reversed, on the law, with costs and disbursements, and the complaint dismissed. On April 15, 1965, Dawn ordered from Insurance Company of North America (INA), and it later received, an automobile fleet liability insurance policy. The order sought coverage for six vehicles the identification numbers of which were given. The policy conformed with the order. On June 19, 1965, a 1956 Chrysler Imperial owned by Dawn, but not listed in the order or the policy, was in a serious accident. Driven by a drunken driver, it mounted a sidewalk and struck a pedestrian, Alan Schwartz, permanently paralyzing him. INA advised Dawn that the vehicle was not covered by the policy and that it would not defend any action brought against Dawn. A suit thereafter commenced on Schwartz' behalf resulted in a judgment against Dawn in the sum of $550,000. Dawn then commenced an action against INA and obtained judgment reforming the policy, on the ground of mutual mistake, to include the accident vehicle in the policy's coverage (see *Dawn Frosted Meats v Insurance Co.,* 62 Misc 2d 995, affd 36 AD2d 580, mot for lv to app den 28 NY2d 488). INA then paid its policy limits of $100,000 plus interest to Schwartz. Dawn then commenced the instant action in which it recovered the amount that the Schwartz judgment exceeded the policy limits with interest and costs, the basic complaint being that INA acted in bad faith in not settling the Schwartz action within the policy limits. We reverse as a matter of law because a view of the facts most favorable to the plaintiff cannot support a finding of bad faith. Proof of an insurer's bad faith "requires an extraordinary showing of disingenuous or dishonest failure to carry out a contract" (*Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437). Bad faith has been said to exist "where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives" (*Walker v Sheldon,* 10 NY2d 401, 404). These requirements cannot possibly be met where the insurance carrier has an arguable case for denying coverage (*Sukup v State of New York,* 19 NY2d 519, 522). If we assume that INA knew or should have known that Dawn's liability to Schwartz was certain and that the damages would exceed the policy limits, it nonetheless had an arguable basis for its action since neither the policy nor Dawn's own order for the policy included the accident vehicle. Concur — Silverman, J. P., Lynch, Milonas and Kassal, JJ.