**ALL STATE VEHICLES, as assignee of the claim of Vincenzo Dagati, Plaintiff,**

v.

**ALLSTATE INSURANCE CO., Defendant.**

No. 83 Civ. 7038(SWK).

United States District Court, S.D. New York.

Oct. 18, 1985.

Maurice Abrahams, New City, for plaintiff.

Lester Holtzman by Brian Brown, New York City, for defendant.

MEMORANDUM OPINION
AND ORDER

KRAM, District Judge.

This action arises out of an automobile accident and the state judicial proceedings that ensued from that accident. Plaintiff commenced this action asserting that subject matter jurisdiction is found in this

Court pursuant to section 1332 of Title 28, United States Code. The case is currently before the Court upon defendant's motion to dismiss the complaint for lack of subject matter jurisdiction upon the ground that the matter in controversy does not exceed the sum or value of $10,000, exclusive of interests and costs. For the reasons stated below, the motion is granted.

## BACKGROUND

On March 19, 1981, a vehicle owned by plaintiff All State Vehicles, Inc. ("Vehicles") collided with a vehicle owned and operated by Vincenzo Dagati. Dagati was insured for property damage in the sum of $5,000 under a policy of liability insurance issued by Allstate Insurance Company ("Insurance").[1] Insurance established a claim file for this accident and held discussions with a representative from Vehicles in an effort to settle the matter. Apparently based, at least in part, upon Dagati's claim that the accident was not his fault but was caused by the driver of Vehicle's car, Insurance refused to settle the case on Vehicle's terms. Those terms have not been disclosed to the Court.

Vehicles sued Dagati in the Civil Court of the City of New York, Kings County claiming $7,572.64 for the property damage sustained in that accident. Vehicles allegedly served Dagati on April 21, 1983, by substituted service pursuant to N.Y.Civ. Prac.Law § 308(4) (McKinney Supp.1984) (the "nail and mail" provision). Dagati apparently claimed that he did not receive service in any manner other than by mail, but he did receive the mailed copy of the summons and complaint.[2] Dagati forwarded this copy of the summons to an attorney, who then forwarded it to Insurance.

Dagati did not answer the summons and complaint, either in person, by his private attorney, or through Insurance, within the time allowed by state law. Vehicles requested an inquest and the matter was placed on the Inquest Calendar for June 30, 1983. Notice of this inquest was allegedly given to Dagati and his private attorney (but not Insurance). The inquest and assessment of damages was taken on that day and judgment entered for damages of $7,572.64 plus interest (a total of $9,219.67).

The following day Insurance (through an attorney) attempted to serve an answer on behalf of Dagati. Vehicles's attorney refused to accept the answer in light of the default judgment already obtained.

Thereafter, Vehicles secured from Dagati an assignment of any claim Dagati might have against Insurance for its failure to defend the state claims against him and for bad faith refusal to settle the claim. Vehicles then commenced this action, as assignee of Dagati, against Insurance seeking the $9,219.67 assessed in the state proceeding plus $500,000 in punitive damages for Insurance's alleged bad faith settlement of the claims against Dagati. This motion ensued.

## DISCUSSION

Insurance claims, as a matter of law, that Vehicles is not entitled to recover punitive damages in this case, and, therefore, that the amount in controversy ($9,219.67) does not exceed the sum of $10,000 exclusive of interest and costs, as required by section 1332 of Title 28, United States Code. The Court agrees.

■ A plaintiff may aggregate its claims for compensatory and punitive damages in order to satisfy the minimum amount in controversy requirement for subject matter jurisdiction in this Court. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). However, a plaintiff may not rely upon a claim for punitive damages which are not recoverable as a matter of law. *See Schwartz v.*

1. There is no relation between Vehicles and Insurance.

2. The question of whether proper service was effected upon Dagati is not before this Court.

The existence of some dispute as to this, however, is relevant to the question of the good faith of the parties involved.

*Victory Container Corp.*, 294 F.Supp. 866, 867 (S.D.N.Y.1969). Accordingly, if plaintiff cannot recover punitive damages in this action, the Court does not have subject matter jurisdiction over this suit, because plaintiff's remaining claim for damages does not satisfy the amount in controversy requirement of 28 U.S.C. § 1332.

■ In order to determine whether punitive damages are recoverable in this case, the Court must review the applicable substantive law. In a diversity action, such as this purports to be,[3] the Court must follow the substantive laws of the state in which it sits, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including the forum state's choice of law rules, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). All of the relevant contacts in this case are with New York: Vehicles is a New York corporation; Dagati is a New York citizen; the accident occurred in New York; the insurance contract involved was entered into in New York; and the underlying state court proceeding, and with it the conduct complained of herein, transpired in New York. Thus, New York courts would apply New York law in this case.[4] The Court must, therefore, look at New York law in determining whether the requisite jurisdictional amount has been pleaded. *Schwartz*, 294 F.Supp. at 867.

In essence, plaintiff claims a bad faith breach of defendant's duty to defend its insured and its duty to make a reasonable settlement of a claim within the policy limits. In New York, in order for an insured to recover punitive damages from its insurer on these causes of action, there must be a showing of more than a mere breach of contract. *E.g., Gordon v. Nationwide Mut.Ins.Co.*, 30 N.Y.2d 427, 334 N.Y.S.2d 601, 609, 285 N.E.2d 849 (1972), *cert. denied*, 410 U.S. 931, 93 S.Ct. 1374, 35 L.Ed.2d 593 (1973); *Dawn Frosted Meats, Inc. v. Insurance Co. of North America*, 99 A.D.2d 448, 470 N.Y.S.2d 624 (1st Dep't 1984); *Royal Globe Ins. Co. v. Chock Full O'Nuts Corp.*, 86 A.D.2d 315, 449 N.Y.S.2d 740, 743 (1982) ("There must be a showing of such morally culpable conduct and wanton dishonesty as to imply criminal indifference to civil obligations").

The rule in New York was succinctly stated in *Gordon* :

For a breach of the obligation to defend, the measure of damage is the cost of defense to the insured and the amount

---

**3.** Although the Court need not reach this question here, it should be noted that there may not even be diversity of citizenship in this case. A dispute such as this seems to call for the application of 28 U.S.C. § 1332(c), attributing the insured's citizenship to the insurer, which would eliminate the alleged diversity of citizenship between the parties. *Cf. Ford Motor Co. v. Insurance Co. of North America*, 669 F.2d 421 (6th Cir.1982); *Fox v. Liberty Mut.Ins.Co.*, 553 F.Supp. 393 (S.D.N.Y.1983); *Tyson v. Connecticut Gen.Ins.Co.*, 495 F.Supp. 240 (E.D.Mich. 1980). This is an action directly against the insurer. It involves essentially local issues: an accident in New York; a contract of liability insurance entered into in New York; a dispute regarding the resolution of a state court proceeding; and the application of state laws regarding insurance, torts, and contracts. Although this case is distinguishable from the "direct actions" which led to the enactment of the proviso in § 1332(c), the need to limit access to federal courts based on the fortuity of a national insurance company's state of incorporation and principal place of business is still implicated.

**4.** The applicability of New York law to this case is clear regardless of whether the case is seen as one in contract (breach of a duty to defend and of an implied duty to settle in good faith within the policy limits) or in tort (bad faith breach of contract, *cf. Forty Exch. Co. v. Cohen*, 125 Misc.2d 475, 479 N.Y.S.2d 628, 639 (Civil Ct.N. Y.Co. (1984)). In contract cases, New York applies the law of the "jurisdiction 'most intimately concerned with the outcome of [the] particular litigation.' " *Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 24 N.Y.2d 372, 382, 300 N.Y.S.2d 817, 825, 248 N.E.2d 576, 584 (1969) (*quoting Auten v. Auten*, 308 N.Y. 155, 161, 124 N.E.2d 99). In tort cases, New York generally applies the law of the place of the tort, unless applying some other law would better further the purposes of the substantive laws involved "without impairing the smooth working of the multi-state system." *Neumeier v. Kuehner*, 31 N.Y.2d 121, 128, 335 N.Y.S.2d 64, 70, 286 N.E.2d 454, 460 (1972); *see also Cousins v. Instrument Flyers, Inc.*, 44 N.Y.2d 698, 699, 405 N.Y.S.2d 441, 442, 376 N.E.2d 914, 915 (1978). Under either analysis, the applicable law in this case is that of New York.

of recovery, if any, against the insured within the policy limits.

For a breach of contract based only on a failure to make reasonable settlement of a claim within the policy limits, damages are measured by the policy limits. For a breach of implied conditions of the contract to act in its performance in good faith in refusing to settle within the policy limits, the damages may exceed the policy limits.

The punitive nature of damage for the bad faith breach of contract is ... not applied routinely ... and bad faith requires an extraordinary showing of a disingenuous or dishonest failure to carry out a contract.

30 N.Y.2d at 436–437, 334 N.Y.S.2d at 608–609.

▮ The plaintiff has not alleged any morally culpable or dishonest conduct on the part of Insurance. Plaintiff alleges in the complaint simply that defendant "refused to settle the claim" [5] (¶ 7) and "did not file an answer" on behalf of its insured (¶ 14) despite proper service. These allegations are insufficient to establish bad faith. Based on these allegations alone, as a matter of law, plaintiff cannot recover an award of punitive damages.

Moreover, the measure of damages recoverable for bad faith breach of the insurer's duties, already "punitive" in nature,[6] is generally limited to the amount of the recovery from the insured, if any, in excess of the policy limits. *See Dawn Frosted Meats*, 470 N.Y.S.2d at 625; *cf. Gordon*, 334 N.Y.S.2d 601 (reversing "punitive" award of damages equalling recovery against insured; court below had already reversed award of additional punitive damages).

In attempting to recover the full value of the judgment below, plaintiff is already seeking an award punitive in nature. New York law does not permit plaintiff to pyramid an additional claim for punitive damages on top of that.

Plaintiff, in support of its claim, relies on two cases. *Bennett v. E.F. Hutton Co.*, 597 F.Supp. 1547 (N.D.Ohio 1984); *Swafford v. Transit Casualty Co.*, 486 F.Supp. 175 (N.D.Ga.1980). *Bennett* dealt with Ohio law, not New York law. In any event, the allegations in *Bennett* apparently involved criminal fraud and racketeering. Thus, *Bennett* is distinguishable. *Swafford* dealt with Georgia law, not New York law. Moreover, the court in *Swafford* rejected an attempt by *the plaintiff* to defeat the jurisdiction of the federal court by withdrawing a well-pleaded claim for punitive damages. Thus, *Swafford*, too, is inapposite.

In sum, the Court concludes that under New York law plaintiff may not recover punitive damages on the bare allegations made in this case. Thus, it appears "to a legal certainty that [plaintiff's] claim is really less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Accordingly, this Court does not have subject matter jurisdiction over this action and it is hereby DISMISSED.

SO ORDERED.

---

**5.** Plaintiff does not even allege that a settlement *within* the policy limits was available.

**6.** *See Gordon,* 334 N.Y.S.2d at 608.