With respect to whether the trial court erred in granting summary judgment to the promisee (appellee) of a promissory note in face of the promisor's (appellant's) answer setting up "duress" and "lack of consideration," we affirm. Our affirmance on this issue is mandated, because the promisor's counter affidavit, in opposition to the promisee's motion for summary judgment, fails to raise a genuine issue of material fact, and thus the promisee is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.
The remaining issue presented is whether the trial court erred in entering judgment for the full amount of the note, plus interest and attorney's fee, where, in the absence of an acceleration clause, only two of five annual installments, as provided by the note, were due at the time of the entry of judgment. With respect to this issue, we reverse and remand with instructions to the trial court to enter a judgment in an amount equal to the sum of two accrued annual installments, plus interest from the date each installment was due and an attorney fee computed at 28% of the accrued installments.
The pertinent language of the note reads as follows:
 "In the event that the relationship between __________ [Rosenfeld/payor] __________ and [CPC/payee] terminates, regardless of the reason for such termination, the outstanding *Page 705 
balance then due on the obligation expressed herein shall be due and payable, without interest, in five (5) equal annual installments, beginning one year from the date of termination of the relationship between the parties." (Emphasis added).
City Paper Company agrees that the note contains no
acceleration clause, and that the case law, generally speaking, supports Rosenfeld's contention that "acceleration of the maturity of unaccrued payments" is not to be read into payment contracts by implication. For a collection of the cases so holding, see 10 C.J.S., Bills Notes § 529 at 1160 (1938). Rather, pointing to Rosenfeld's "repudiation of the entire obligation," City Paper Company seeks to have this Court join a minority of jurisdictions that apply the doctrine of anticipatory breach as an exception to the general rule of nonacceleration. Because of our rejection of the application of the "anticipatory breach" doctrine to unilateral contracts for the payment of money only, we need not decide whether Rosenfeld's deposition testimony amounts to a "repudiation."
The parties agree that Alabama has long recognized that a party to a bilateral contract may elect to treat the contract as absolutely breached and sue at once when the other party repudiates his obligations under the contract. See Box v.Metropolitan Life Insurance Co., 232 Ala. 447, 168 So. 220, 222
(1936), and the other cases cited therein. Likewise, the parties agree that the "application of the anticipatory breach
doctrine" issue, in a unilateral or installment payment contract case, is one of first impression.
We agree that the precise issue here presented is one of first impression; however, it is interesting to note thatBox, supra, the very case cited by City Paper Company for Alabama's acceptance of the "anticipatory breach" doctrine, makes it clear that the doctrine's application in that case was in the context of a bilateral contract.
More compelling, however, is the rationale that distinguishes the two separate contracts with respect to the application of the doctrine. "Anticipatory breach" has a field of operation where the nondefaulting parties remain liable for certain obligations under a bilateral contract. To require the nondefaulting party to continue the discharge of his contractual duties, in face of a clear, unequivocal repudiation of the contract by the defaulting party, is a senseless requirement that unduly penalizes the non-defaulting party.
The majority of jurisdictions faced with this issue have drawn the distinction and have not allowed the "anticipatory breach" doctrine to apply to unilateral contracts, particularly for the payment of money only.[1] The "settled" rule was succinctly expressed by Justice Cardozo in Smyth v. UnitedStates, 302 U.S. 329 at 356, 58 S.Ct. 248 at 253 (1937):
 "[T]he doctrine of anticipatory breach has in general no application to unilateral contracts, and particularly to such contracts for the payment of money only."
Some of the cases cited above reference Professor Williston's treatise for the rationale that rejects the application of the "anticipatory breach" doctrine to installment contracts that contain no acceleration clause: "[A]llowing the promissee immediate *Page 706 
recovery is nothing but a direct bonus to the promissee beyond what he was promised and a direct penalty to the promissor." See, for example, Mabery v. Western Casualty Surety Co.,173 Kan. 586, 250 P.2d 824, 828-29 (1952), citing 5 Williston onContracts § 1328 (rev. ed. 1937).
Indeed, the use of the "acceleration of maturity of payment" clause is in recognition of the nonapplicability of the anticipatory breach doctrine in installment payment contracts. Once the promissee has done all there is for him to do under the contract and the promissor's obligation is confined to payment by installments as specified by the contract, the doctrine of anticipatory breach has no field of operation and will not intercede to rescue the promissee from the consequences of the absence of an acceleration clause.
While City Paper Company's "judicial economy" argument has its appeal, the right of the parties to the protection of the rule of law cannot be sacrificed on the altar of judicial efficiency.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
MADDOX, SHORES, HOUSTON and ADAMS, JJ., concur.
[1] For a partial list of the cases so holding, see Smyth v.United States, 302 U.S. 329, 58 S.Ct. 248, 82 L.Ed. 294 (1937);John Hancock Mutual Life Insurance Co. v. Cohen, 254 F.2d 417
(9th Cir. 1958); Kuhn v. Pacific Mutual Life Insurance Co.,37 F. Supp. 102 (S.D.N.Y. 1941); Sheketoff v. Prevedine,133 Conn. 389, 51 A.2d 922 (1947); Guaranty Bank Trust Co. v. Reyna,51 Ill. App.2d 412, 201 N.E.2d 144 (1964); Mabery v. WesternCasualty Surety Co., 173 Kan. 586, 250 P.2d 824 (1952); Uphamv. Shattuck, 151 Kan. 966, 101 P.2d 901 (1940); Jordon v.Nickell, 253 S.W.2d 237 (Ky.App. 1952); Mack v. Revicki,47 N.J. Super. 185, 135 A.2d 569 (1957); Franklin Society FederalSavings Loan Ass'n v. Far-Pap Corp. 57 A.D.2d 607,393 N.Y.S.2d 782 (1977); Sholom Zuckerbrot Queens Leasing Corp.v. Forate Realty, 29 A.D.2d 571, 286 N.Y.S.2d 364 (1967);Medaris v. Lionel Corp., 25 A.D.2d 735, 268 N.Y.S.2d 936
(1966); Sinkwich v. E.F. Drew Co., 9 A.D.2d 42, 189 N.Y.S.2d 630
(1959); Indian River Islands Corp. v. Manufacturers TrustCo., 253 A.D. 549, 2 N.Y.S.2d 860 (1938); Phelps v. Herro,215 Md. 223, 137 A.2d 159 (1957); Greghun v. Mutual of OmahaInsurance Co., 23 Utah 2d 214, 461 P.2d 285 (1969).