[614 NYS2d 533]

VIGILANT INSURANCE COMPANY OF AMERICA et al., Appellants,
v HOUSING AUTHORITY OF THE CITY OF EL PASO, TEXAS, et
al., Respondents.

First Department, July 21, 1994

## APPEARANCES OF COUNSEL

*Ronald H. Alenstein* of counsel *(Jerome Murray* and *Donna Marie Hughes* with him on the brief; *D'Amato & Lynch,* attorneys), for appellants.

*Mark A. Harmon* of counsel *(Jacqueline I. Meyer* with him on the brief; *Bondy & Schloss,* attorneys), for respondents.

## OPINION OF THE COURT

NARDELLI, J.

The gravamen of plaintiffs' declaratory judgment action is defendants' alleged breach of contract in failing to pay monies due under time instruments which do not mature until July 1, 1997. Therefore, the determination of the IAS Court, dismissing the complaint on the ground the Statute of Limitations had expired, was clearly erroneous.

In 1983, Drexel Burnham Lambert (Drexel) purchased these bearer bonds with attached interest coupons, issued by the defendant Housing Authority of the City of El Paso, in Switzerland allegedly in good faith, for value, without notice of adverse claims and in accordance with Swiss law. Drexel then negotiated the bonds to Irving Trust Company. After Irving, which allegedly had taken the bonds for value, in good faith, without notice of adverse claims, learned they had been reported stolen by a prior holder, Drexel, pursuant to the rules of the New York Stock Exchange, reclaimed and replaced these bearer bonds. The plaintiffs, who had insured Drexel under a broker's bond and policy, then reimbursed Drexel for its loss and became subrogated to Drexel's rights. Plaintiffs acquired this interest in the bonds in 1986 and at this time, the Federal Bureau of Investigation had possession of the bonds and coupons (obtained by it in 1983), which it returned to plaintiffs in 1989 upon completion of its investigation. As soon as plaintiffs received the bonds, they presented

all the interest coupons which were due to defendant Morgan Guaranty Trust Company of New York (Morgan), the transfer agent for payment. Morgan refused to make payment, confiscated the coupons and also refused to remove "Stops" placed against these bearer bonds. Plaintiffs then brought this action in 1990.

The IAS Court granted defendants' motion to dismiss the complaint finding that the applicable Statute of Limitations was six years and that it began running in 1983 when Drexel knew that defendants would not honor the bonds or coupons. This conclusion was erroneous as a matter of law.

The Court of Appeals in *Solnick v Whalen* (49 NY2d 224, 229-230) noted that there is no statutory provision giving a specific limitation period for declaratory judgment actions but that: "If * * * the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action. In that event there is a limitation specifically prescribed by law and the catch-all provision of CPLR 213 (subd 1) is not applicable. If the period for invoking the other procedural vehicle for relief has expired before the institution of the action for declaratory relief, the latter action also is barred. If the alternative action or proceeding is not time-barred, however—as will often be the case in light of the fact that declaratory judgment actions are frequently brought before there has been conduct which might give rise to a right to remedial or coercive relief—then a challenge of untimeliness addressed to the declaratory judgment action must fail."

Pursuant to Uniform Commercial Code § 3-109 (1) (a), "[a]n instrument is payable at a definite time if by its terms it is payable * * * on or before a stated date or at a fixed period after a stated date". The Uniform Commercial Code fixes the time of "Accrual of Cause of Action" of such a "time instrument" in section 3-122 (1) (a) where it provides: "A cause of action against a maker or an acceptor accrues * * * in the case of a time instrument on the day after maturity". Thus, plaintiffs have a cause of action on the bonds which *accrues* on July 2, 1997, since the bonds mature the day before *(see, Valdes v Atlantic Steamer Fire Co.,* 120 AD2d 661, 662, *lv denied* 68 NY2d 609).

Whether plaintiffs are holders in due course of the bonds is

not an issue upon this appeal. In its decision, the IAS Court specifically noted that "questions of fact exist as to whether Drexel acquired the bonds as a bona fide purchaser, in good faith, and without knowledge of any prior claim". Thus, for the purpose of deciding the applicable Statute of Limitations, we must deem plaintiffs to be entitled to payment on the bonds. If they were not so entitled, the issue as to the Statute of Limitations would be academic.

While plaintiffs remain within the Statute of Limitations for an action on the bearer bonds and, therefore, can maintain a declaratory judgment action seeking to have their rights adjudicated at this time, claims they possess with respect to interest payments dating from 1983 may not be viable. Any of these interest claims which accrued six years *prior* to the commencement of this action are presumably precluded by the period of limitations.

Further, while the IAS Court did not explicitly use the term "anticipatory breach", it found that plaintiffs' claims accrued when their damages became ascertainable, citing *Morawski v Board of Educ.* (85 AD2d 850, 851). *Morawski,* however, is inapplicable herein, since that case dealt with "claims" under section 3813 of the Education Law barring lawsuits against a school board unless a claim is filed within a three-month period after the accrual of such claim. The nisi prius court's position that any cause of action accrued in 1983 because plaintiffs' assignor's right to future payments was rejected is simply an assertion of an anticipatory breach by defendants. Pursuant to this doctrine, "[w]here there has been an anticipatory breach of a contract by one party, the other party may treat the entire contract as broken and may sue immediately for the breach" (22 NY Jur 2d, Contracts, § 387, at 295). However, this Court has previously noted that: "The doctrine of anticipatory breach of an executory contract 'has no application to contracts for the payment of money only, in installments or otherwise' [citations omitted]" *(Medaris v Lionel Corp.,* 25 AD2d 735; *see also, Long Is. R. R. Co. v Northville Indus. Corp.,* 41 NY2d 455, 463-464).

While defendants properly assert on appeal that the doctrine of anticipatory breach is inapplicable, they assert that the bonds "had no value as of the time they were stolen" and that the cases cited above *(Medaris v Lionel Corp., supra; Long Is. R. R. Co. v Northville Indus. Corp., supra)* are inapposite since they deal with "valid instruments pursuant to which money was to be paid in the future". Defendants, in effect,

assert that the normal Statute of Limitations for the payment of a time instrument does not apply since there are no valid time instruments for the payment of money herein. This, as noted previously, was expressly found by the IAS Court to be an issue remaining for determination.

Accordingly, the order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about September 11, 1992, which granted defendants' motion for summary judgment dismissing the complaint on the ground that the Statute of Limitations had expired and directed that plaintiffs return certain bearer bonds and interest coupons for cancellation, should be reversed, on the law, without costs or disbursements, defendants' motion denied, the complaint reinstated, and the matter remanded for further proceedings.

Asch and Rubin, JJ., concur with Nardelli, J.; Murphy, P. J., and Kupferman, J., dissent and would affirm for the reasons stated by Shainswit, J.

Order, Supreme Court, New York County, entered on or about September 11, 1992, which granted defendants' motion for summary judgment dismissing the complaint on the ground that the Statute of Limitations had expired and directed that plaintiffs return certain bearer bonds and interest coupons for cancellation, reversed, on the law, without costs or disbursements, defendants' motion denied, the complaint reinstated, and the matter remanded for further proceedings.