Frederick **SCHROEDER** and Henry Leak, d/b/a **F. & H. Contracting Co.,** Plaintiffs,

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.**

United States District Court
S. D. New York.

June 18, 1965.

788

Friedlander & Gaines, New York City, for plaintiffs, W. Harvey Mayer, New York City, of counsel.

Carmine C. Marasco, for defendant, William F. Duncanson, of counsel.

HERLANDS, District Judge.

Plaintiffs, in this action for breach of an insurance contract, have moved for complete or, in the alternative, partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Jurisdiction rests on diversity of citizenship and the allegation in the complaint that plaintiffs are entitled to a recovery of more than $10,000, viz., $101,500. 28 U.S.C. § 1332(a) (1).

This $101,500 figure is based upon the following claims of damage: $1,500 compensatory damages (for litigation expenses which allegedly should have been borne by defendant pursuant to the terms of the contract) and $100,000 punitive or exemplary damages (on the grounds that defendant's disclaimer of contractual liability is "frivolous" and "sham" and that "it is a matter of public policy to prevent insurance companies from disclaiming their liabilities unjustly").

In an affidavit submitted in support of their motion for summary judgment, plaintiffs state that their claim to a recovery in excess of $10,000 is made "in good faith."

In its answer to the complaint, defendant denies that the amount in controversy is in excess of $10,000. Although this defense has not been raised on this motion for summary judgment, the court, on its own motion, will carefully scrutinize the jurisdictional allegations, heeding the strong directive in Arnold v. Troccoli, 344 F.2d 842, 845 (2d Cir. 1965) "that the district courts take measures to discover those suits which ought never to have been brought in the federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of $10,000."

Although punitive damages may be considered together with actual damages in determining whether the requisite jurisdictional amount is in controversy, "a jurisdictional amount may not be created by a claim for exemplary damages which could not legally be awarded." 1 Moore, Federal Practice 850–51 (2d ed.

1964); Wright, Federal Courts 95 (1963).

As to whether the recovery of punitive damages is "reasonably possible," Arnold v. Troccoli, supra at 846, the court is governed by the law of New York, the applicable law in this case.

■ It is extremely questionable whether punitive damages, under any circumstances, may ever be recovered under New York law for breach of contract. Avery v. Shields, Sup., 50 N.Y.S. 2d 939, 940-41 (Sup.Ct.1944); Jacobs, Handbook on Damages—New York 8 (1951); Restatement, Contracts § 342 (1932). In any case, they could not possibly be recoverable in the case at bar.

As stated in Faulk v. Aware, Inc., 19 A.D.2d 464, 471, 244 N.Y.S.2d 259, 265 (1st Dep't 1963), motion to dismiss appeal denied, 14 N.Y.2d 719, 250 N.Y.S.2d 64, 199 N.E.2d 163 (1964), punitive damages are available " '[W]here the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives.' "

Plaintiffs' allegations in the complaint and moving papers that defendant's disclaimer of liability was frivolous and sham notwithstanding, it is a close question of contract interpretation as to whether, on the merits, defendant was obligated under the contract to defend plaintiffs in the legal action which occasioned the expenses for which compensatory damages are sought in this suit.

Certainly there is no basis for attributing to defendant any bad faith on its part in challenging its contractual liability to plaintiffs. Indeed, plaintiffs, in their memorandum in support of this motion for summary judgment, are reduced to the assertion that "the defendant simply did not read its policy properly * * *." Such conduct is hardly "morally culpable," "evil," or "reprehensible."

The court has reached the conclusion that plaintiffs' claim to $100,000 as punitive damages is merely "a colorable claim 'asserted for the sole purpose of conferring federal jurisdiction,' " Arnold v. Troccoli, supra, and therefore denies plaintiffs' motion for summary judgment and dismisses the action for lack of jurisdiction over the subject matter. Accord, Deming v. Buckley's Art Gallery, 196 F.Supp. 246 (W.D.Ark.1961). See generally Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Tullos v. Corley, 337 F.2d 884 (6th Cir. 1964); F & S Constr. Co. v. Jensen, 337 F.2d 160 (10th Cir., 1964).

So ordered.