George SCHAFER, Plaintiff,

v.

CHRYSLER CORPORATION, Defendant.

No. S 81–418.

United States District Court,
N. D. Indiana,
South Bend Division.

Aug. 5, 1982.

Terrance F. Wozniak, South Bend, Ind., for plaintiff.

E. Spencer Walton, Jr., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This is an action brought under the Magnuson-Moss Act, 15 U.S.C. § 2301 et seq., which establishes a federal consumer warranty law. Section 2301 of the Act defines consumer goods to include "tangible personal property ... distributed in commerce ... [and] normally used for personal family or household purposes ...." The Act is primarily a remedial statute designed to protect consumers from deceptive warranty practices. See, *Skelton v. General Motors Corp.*, 660 F.2d 311, 313–324 (7th Cir. 1981). It applies exclusively to disclaimers and modifications contained in written warranties. The statute relies, however, on state law in defining the contours of implied warranties.

The Act authorizes consumers to sue warrantors "for damages and other legal and equitable relief" for failure to comply with any written or implied warranty. 15 U.S.C. § 2310(d)(1). The action may be brought in state or federal court, 15 U.S.C.

§ 2310(d)(1)(A)(B), but federal court jurisdiction is limited to those suits satisfying three requirements. First, the consumer must have an individual claim of at least $25.00. Second, the total amount in controversy must equal or exceed $50,000.00, exclusive of interest and costs. Third, if brought as a class action, the complaint must name at least one hundred plaintiffs. See, U.S.C. § 2310(d)(3).

Plaintiff's complaint alleges that he purchased a 1978 Chrysler LeBaron from a dealership of the defendant for the sum of $8925.85. Plaintiff contends that said vehicle was defective in that its removeable roof windows, known as a T-Top, leak during inclement weather making the car unfit for its intended use. Plaintiff also alleges that defendant's conduct in the attempts to repair this condition were malicious and oppressive and he therefore seeks $65,000.00 in punitive damages.

Defendant has filed a Motion to Dismiss contending that the plaintiff has failed to meet the jurisdictional amount required by 15 U.S.C. § 2310(d)(3)(B). The question to be determined here is if, and under what circumstances, a claim for punitive damages may be used to satisfy the jurisdictional amount requirements. The Court requested and has received the benefit of briefs from the parties on these issues.

### Factual Background

The plaintiff alleges the following chronology of events. On June 31, 1978 plaintiff purchased a new 1978 Chrysler LeBaron from South Bend Chrysler-Plymouth, Inc. He took possession of the car on July 2, 1978. One of the features of the car is a T-Top roof. After three days Plaintiff discovered the T-Top roof was leaking. He then returned the car for repair under warranty. On July 14, 1978 plaintiff picked up the car, being assured that the T-Top roof would no longer leak. The leak persisted. Repeated visits were made to the repair shop from August 12, 1978 through January of 1981. The record indicates the car was in for repair of the T-Top roof at least seven times and possibly as many as twelve times. The result of this leak is that the carpet and interior became soaked with water. To this date the T-Top has not been repaired despite numerous telephone conversations with the Chrysler Customer Relations Department. The result of the failure to repair this leaky T-Top roof is this suit alleging breach of warranty.

### CONCLUSIONS OF LAW

■ An examination of the legislative history of the Act pertinent to the jurisdictional provisions reveals a twofold purpose: (1) to avoid trivial actions being brought as federal class actions, and (2) to overcome the absence of an amount in controversy requirement in 28 U.S.C. § 1337, since Magnuson-Moss is an act regulating commerce. H.R.Rep.No. 1107, 93rd Cong., 2d Sess., U.S. Code Cong. & Admin.News, pp. 7702, 7724. Accordingly, the courts have held that Magnuson-Moss overrode the general jurisdictional provisions of 28 U.S.C. § 1337 and that the jurisdictional minimums of the Act must be met. *Watts v. Volkswagen Artiengesellschaft*, 488 F.Supp. 1233 (W.D. Ark.1980). Thus, 28 U.S.C. § 1337 does not provide a jurisdictional basis independent of those requirements enumerated in the Act.

■ The Act and legislative history, however, are silent upon the question of whether punitive or exemplary damages may be considered with actual damages in order to meet the requisite amount in controversy. Under such circumstances resort to the well-established rules governing determination of the amount in controversy in jurisdictional statutes is essential. The Supreme Court of the United States wrote in the seminal case of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938):

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

The determination of the amount in controversy is a federal question to be decided under federal standards. See, *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 352, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount. *Bell v. Preferred Life Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943). However, the use of punitive or exemplary damages to satisfy the amount in controversy requirements triggers special judicial scrutiny. See, *Zahn v. International Paper Company*, 469 F.2d 1033, 1033 n. 1 (2d Cir. 1972), aff'd on other grounds, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). The general rule is subject to limitation such as when certain damages may not be recoverable under the applicable law or the amount claimed is merely colorable for purposes of obtaining federal jurisdiction.

The availability of punitive damages under Magnuson-Moss has not been authoritatively determined. Congress was wholly silent on the scope and measurement of damages under the Act. No court has awarded exemplary damages for Magnuson-Moss violations but the Court of Appeals for the Seventh Circuit has stated indicia that in certain circumstances exemplary damages may be recoverable. See, *Lieb v. American Motors Corp.*, 538 F.Supp. 127 (S.D.N.Y. 1982); *Novosel v. Northway Motor Car Corp.*, 460 F.Supp. 541 (N.D.N.Y.1978); *See contra, In re General Motors Engine Interchange Lit.*, 594 F.2d 1106, 1114 n. 2 (7th Cir. 1979), cert. den. sub nom. *Oswald v. General Motors Corp.*, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979).

In the absence of explicit congressional mandate, the initial inquiry requires examination of the governing law to determine whether punitive damages are recoverable for breach of warranty. However, the Act does provide that (1) implied warranty "means an implied warranty arising under state law...", 15 U.S.C. § 2301(7); and, (2) that nothing in the Act "shall invalidate or restrict any right or remedy of any consumer under state law...", 15 U.S.C. § 2311(b)(1). In light of the factual background of the sale of this automobile and the attempts to repair it the applicable law is that of the State of Indiana. No party argues otherwise, and in fact, both parties argue in favor of the application of the law of Indiana.

In Indiana punitive damages are not ordinarily recoverable for breach of a contract. *Vernon Fire & Casualty Co. v. Sharp*, 264 Ind. 599, 349 N.E.2d 173 (1976). However, in *Vernon*, the Supreme Court of Indiana enunciated two exceptions to the general rule: (1) punitive damages may be awarded "where the conduct of the breaching party not only amounts to a breach of the contract, but also independently establishes the elements of a common law tort such as fraud," (2) alternatively, punitive damages may be awarded in the absence of an independent tort if "it appears from the evidence as a whole that a serious wrong, tortious in nature has been committed, but the wrong does not conveniently fit the confines of a predetermined tort ... [and] that the public interest will be served by the deterrent effect punitive damages will have upon future conduct of the wrongdoer and parties similarly situated." *Vernon Fire, supra*, 349 N.E.2d at 180. The Supreme Court of Indiana went on to define the second exception as one where "the elements of fraud, malice, gross negligence or oppression mingle in the controversy." *Id.* This policy has been applied in a series of cases following *Vernon Fire. Royal Business Machines v. Lorraine Corp.*, 633 F.2d 34 (7th Cir. 1980); *Photovest Corp. v. Fotomat Corp.*, 606 F.2d 704 (7th Cir. 1979); *Riverside Ins. Co. v. Pedigo*, Ind., 430 N.E.2d 796 (1982); *First Fed. Sav. & Loan Ass'n of Indianapolis v. Mudgett*, Ind.App., 397 N.E.2d 1002 (1979). Further, plaintiff's complaint for punitive damages is supported by general allegations consistent with the state law elements of punitive damages so as to comply with the Federal Rules of Civil Procedure. See, *Gorman v. Saf-T-Mate, Inc.*, 513 F.Supp. 1028, 1037 (N.D.Ind.1981).

Two recent Indiana cases have addressed the question of whether punitive damages were available to the purchaser of a defective automobile when the dealer and manufacturer failed to make repairs. In *Art Hill Force, Inc. v. Callender*, Ind., 423 N.E.2d 601 (1981), the Callenders purchased a four-wheel drive pickup truck and two days after taking possession the front axle broke. In that case the repairs took over six months to complete and the Callenders were repeatedly told the needed parts were not available, and their inquiries were brushed off with excuses and they were accused of being troublemakers. The court there found this to be "cogent and convincing proof that Art Hill Ford engaged in intentional wrongful acts, fraud, gross negligence and oppressive conduct in dealing with the Callenders." 423 N.E.2d at 604. This was sufficient evidence to support a jury award of punitive damages. In *Hibschman Pontiac, Inc. v. Batchelor*, 266 Ind. 310, 362 N.E.2d 845 (1977), Mr. Batchelor purchased a new automobile and discovered several problems with it when he picked it up. Mr. Batchelor then prepared a list of the defects and returned the car to the dealer for repair. The service manager then called Mr. Batchelor and told him the car was ready. Batchelor ultimately took the car in for repairs 12 times during the warranty period and at least 20 times in all and that the vice-president of the dealership, Jim Hibschman accused Batchelor of being a habitual complainer. Ultimately, Batchelor took the car to an independent serviceman who completed the necessary repairs. The court there found that "the jury could reasonably have found elements of fraud, malice, gross negligence or oppression mingled into breach of warranty." 362 N.E.2d at 848. This was sufficient evidence to support a jury award of punitive damages.

In the case presently before the Court plaintiff has returned the automobile for repair numerous times and been told on numerous occasions it was repaired. Plaintiff contends his telephone calls to Chrysler went unanswered and that he was characterized as a troublemaker and bad customer. To date plaintiff's car has not been repaired.

In conclusion, it is apparent that the law of Indiana allows the recovery of punitive damages such as those sought here. After careful scrutiny of the claims made herein, it is the judgment of the Court that the factual allegations create a colorable punitive damage claim. The plaintiff has made a preliminary showing that he could possibly recover punitive damages. Jurisdiction, however, is not defeated unless the court is certain that the plaintiff cannot recover the amount claimed. *Lieb, supra*, at 132.

Therefore, under the law of Indiana punitive damages may be recovered for a breach of warranty and such a claim must be considered as satisfying the jurisdictional amount under the Magnuson-Moss Act. The Court cannot conclude to a legal certainty that the claim is really for less than the jurisdictional amount. Accordingly, the Motion for Dismissal is DENIED.

Defendant herein made an offer of judgment to the plaintiff on June 13, 1982 in the amount of the purchase price of the automobile and his attorney's fee and costs to date. Plaintiff has apparently refused that offer to date. This case will now go forward as a jury trial as scheduled. However, it is the opinion of the Court that the parties should strongly consider settlement of this matter. Further, the plaintiff should keep in mind the Court's discretion to assess costs against a plaintiff who recovers less than the jurisdictional minimum.