Michael W. DANCE, Plaintiff,

v.

U.S. INTERNATIONAL
MOTORS, Defendant.

Civ. A. No. 86–0829.

United States District Court,
District of Columbia.

Oct. 28, 1986.

Donald Wheeler Jonz, Washington, D.C.,
for plaintiff.

Richard E. Henning, Jr., Washington,
D.C., for defendant.

OPINION

JUNE L. GREEN, District Judge.

This matter is before the Court on defendant U.S. International Motors' ("U.S. Motors") motions to dismiss,[1] plaintiff's op-

---

1. Defendant filed its original motion to dismiss on April 30, 1986. On July 1, 1986, the Court

positions thereto, defendant's reply brief, and the entire record herein.

Plaintiff filed this suit against defendant U.S. Motors for breach of contract, breach of implied warranty of merchantability, negligent selection and installation, and fraud. Jurisdiction was based on diversity jurisdiction, 28 U.S.C. § 1332 (1976), and federal question jurisdiction under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act ("Magnuson-Moss Act"), 15 U.S.C. § 2310(d) (1982).[2]

The gravamen of the complaint is that plaintiff contracted with defendant to purchase a 250 Mercedes Benz automobile engine for delivery and installation at $1,610. Plaintiff alleges that defendant breached that contract when it failed to provide the agreed upon engine and instead installed a 230 Mercedes Benz engine. Upon discovery of the 230 Mercedes Benz engine, plaintiff further alleges that he notified the defendant but the latter was "unwilling to remedy the situation and provide [p]laintiff with a Mercedes Benz 250 motor." Amended Complaint ¶ 13. Plaintiff claims that he has suffered numerous and continuous problems with his car as a result of the breach and through no fault of his own. Plaintiff seeks $25,000 in compensatory damages and $100,000 in punitive and exemplary damages.

Defendant U.S. Motors has now moved to dismiss the complaint for lack of subject matter jurisdiction. It contends that no diversity of citizenship jurisdiction exists because both plaintiff and defendant are citizens of the District of Columbia. Renewed Motion to Dismiss Complaint ¶¶ 2-4. Furthermore, defendant argues that no federal question jurisdiction exists because "the amount in controversy, $1,610.00, [the cost of the Mercedes Benz engine] independent of punitive damages, fails to meet the $50,000.00 minimum jurisdictional requirement of the Magnuson-Moss Act and that no basis for punitive damages is pled in the Amended Complaint." *Id.* ¶ 5 (citation to Act omitted). Defendant contends that Virginia law allows only recovery of punitive damages in a breach of contract action if there is proof of an independent, willful tort beyond the mere breach of duty imposed by contract and plaintiff has failed to allege such a tort.

Plaintiff opposes defendant's motion to dismiss on two grounds. First, he argues that since "[f]ederal question jurisdiction [under the Magnuson-Moss Act] is proper in this case, the arguments regarding diversity of citizenship plaintiff submits, are irrelevant." Memorandum of Points and Authorities in Support of Opposition to Renewed Motion to Dismiss ("Plaintiff's Opposition") ¶ 1. Second, plaintiff states that the complaint sets forth clearly "an independent, willful tort" on the part of the defendant by its allegation of fraud in Count IV of the Amended Complaint. "Since defendant seems to concede by his pleading that 'an independent, willful tort, beyond the mere breach of duty imposed by contract' satisfies the requirements of the Magnuson-Moss Warranty Act ...," plaintiff contends that federal jurisdiction under the Act is proper and the jurisdictional amount includes properly the plea for punitive damages. *Id.* ¶¶ 2-4.

It appears to the Court that there is no real dispute as to the lack of diversity jurisdiction under 28 U.S.C. § 1332. Both parties are citizens of the District of Columbia and no diversity jurisdiction exists. Plaintiff resides in the District of Colum-

---

ordered plaintiff to amend its complaint in order to supply "further particularized allegations of fact sufficient to support federal question jurisdiction in this case." *See* Order filed July 1, 1986. Plaintiff filed its amended complaint on July 21, 1986, and defendant, in turn, renewed its motion to dismiss by a filing on August 8, 1986. The Court will cite to the latter motion in its analysis of this case.

**2.** The Court notes that the jurisdictional statements of both the original and Court-ordered amended complaint only set out diversity of citizenship as the basis for jurisdiction. The claim of federal question jurisdiction under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301–2312 (1982), is embodied in Count II of the complaint for breach of implied warranty of merchantability. *See* Complaint and Amended Complaint ¶¶ 20.

bia, Amended Complaint ¶ 5, and defendant U.S. Motors is incorporated in the District of Columbia. *See* Renewed Motion to Dismiss ¶ 3. The Court, therefore, will not address that issue and will focus its attention instead on whether there is federal question jurisdiction under the Magnuson-Moss Act in this action.

"The Magnuson-Moss Act was promulgated to increase consumer rights and protections by imposing minimum standards for manufacturers' warranties and by providing various avenues for consumer redress." *Walsh v. Ford Motor Co.*, 627 F.Supp. 1519, 1522 (D.D.C.1986) (Green, June J.). A plaintiff must meet certain requirements in order for a federal court to have jurisdiction under the Act. These jurisdictional limitations are embodied in 15 U.S.C. § 2310(d)(3):

> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) *if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit;* or
>
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

(Emphasis added).

An examination of the legislative history reveals that the jurisdictional provisions serve two purposes: "1) to avoid trivial or minor actions being brought as class actions in the federal district courts; and, 2) to overcome the absence of an amount in controversy requirement in 28 U.S.C. § 1337, since the Magnuson-Moss Warranty Act is an act regulating commerce." *Novosel v. Northway Motor Car Corp.*, 460 F.Supp. 541 (N.D.N.Y.1978) (citing H.R.Rep. No. 1107, 93d Cong., 2d Sess. 42 (1974), *reprinted in* 1974 U.S.Code Cong. & Adm.News, 7702, 7724). The Court notes, however, that the Act and its legislative history remain silent as to whether punitive damages may even be awarded for a breach of warranty or considered with an actual damages claim in order to meet the requisite threshold amount.

In *Walsh v. Ford Motor Co.*, this Court held that "[p]unitive damages are *generally* unavailable in such contract-based schemes as the Magnuson-Moss Act." *Walsh*, 627 F.Supp. at 1524 (emphasis added). The Court reached this conclusion after a thorough examination of the purpose and history of the Act, its relationship to contract law, and the purpose of damages in actions for breach of contract. The Court did, however, recognize that punitive damages may be awarded under the Act in exceptional cases if the governing State law so permits. *Id.*

Under the choice of law test applicable in the District of Columbia, "the Court must apply the law of the state that has 'the more significant relationship to the parties and the transaction.'" *Koro Co., Inc. v. Bristol-Myers Co.*, 568 F.Supp. 280, 286 (D.D.C.1983) (citations omitted). Five factors are considered in making this determination: (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance of the contract, (4) the location of the subject matter of the contract, and (5) the place of incorporation and the place of business of the parties. *Id.* (citing *Restatement 2d of Conflict of Laws* § 188 (1971), and *In re Parkwood, Inc.*, 461 F.2d 158 (D.C.Cir.1971)). *See also Kass v. William Norwitz Co.*, 509 F.Supp. 618, 623 & n. 9 (D.D.C.1980). Plaintiff asserts that the law of Maryland applies in this action. *See* Count II, Amended Complaint ¶ 20. Defendant, on the other hand, contends that Virginia law is the law which governs this suit. *See* Memorandum of Points and Authorities in Support of Motion to Dismiss ("Motion to Dismiss Memo") ¶ 4. The Court agrees with plaintiff.

Plaintiff negotiated and entered into the purchase contract for the 250 Mercedes Benz engine in Maryland. Amended Complaint ¶ 6. At that time, defendant's princi-

pal place of business was located in that State. The breach of the contract also occurred in the State of Maryland. It is there that defendant delivered and installed the 230 Mercedes Benz engine. Amended Complaint ¶ 8. The State of Maryland, therefore, has a significant relationship to the parties and the transaction involved in this action. The only interest that the State of Virginia has to this suit results from defendant's current operation of its business there. Accordingly, the Court finds that the law of Maryland applies in this case.

The leading Maryland case which discusses the precise issue before this Court is *Saval v. BL Ltd.*, 710 F.2d 1027 (4th Cir. 1983). In *Saval*, the plaintiff/appellants contended that they were entitled to punitive damages which could be added to the amount in controversy in order to reach the jurisdictional amount required by the Magnuson-Moss Act. Their claim for punitive damages was based upon, *inter alia*, a common law fraud theory. The Fourth Circuit carefully examined the claim for punitive damages and held that under Maryland law, plaintiffs' allegations did not support a claim for fraud or, consequently, punitive damages. Accordingly, punitive damages could not be added to the amount in controversy in order to reach the jurisdictional amount.

Following the analytical blueprint utilized by the court in *Saval*, this Court reaches the same conclusion in this case. "Under Maryland law, no matter what the theory of recovery, punitive damages cannot be recovered absent malice, actual or implied." *Saval*, 710 F.2d at 1033 (citations omitted). "Punitive damages are not recoverable at all in actions for breach of contract." *American Laundry Machinery v. Horan*, 45 Md.App. 97, 412 A.2d 407, 416 (1980) (citing *H & R Block, Inc. v. Testerman*, 275 Md. 36, 338 A.2d 48 (1975)). Punitive damages, however, are available "where the tort arises out of a contractual relationship" and actual malice is proven. *Id.* 412 A.2d at 417. "In the context of awarding punitive damages, a tort will be deemed to arise out of a con-

tractual relationship only if the tortious conduct and the contract were so intertwined that one could not be viewed in isolation from the other...." *Id.* (*quoted in Saval*, 710 F.2d at 1033–34.) The tort must arise directly from either the performance or breach of the contract. *General Motors Corp. v. Piskar*, 281 Md. 627, 381 A.2d 16, 21 (1977). "Actual or express malice requires an intentional or wilful act (or omission)." *American Laundry Machinery v. Horan*, 412 A.2d at 416. This act or omission "has been characterized as the performance of an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." *Testerman*, 338 A.2d at 52 (*quoted in American Laundry Machinery*, 412 A.2d at 416).

▇ After a complete examination of the complaint and the pleadings herein, the Court concludes that plaintiff's allegations do not support a claim for fraud or, consequently, punitive damages. Under Maryland law, the elements of common law fraud are "(1) that defendant made a misrepresentation of a material fact which was false"; "(2) that its falsity was known to him"; "(3) that defendant made the representation for the purpose of defrauding plaintiff"; "(4) that plaintiff not only relied upon the misrepresentation but had the right to do so and would not have done the thing from which the damage resulted if it had not been made"; and "(5) that plaintiff suffered damage from defendant's misrepresentation." *Finch v. Hughes Aircraft Co.*, 57 Md.App. 190, 469 A.2d 867, 888 (1983), *cert. denied*, 469 U.S. 1215, 105 S.Ct. 1190, 84 L.Ed.2d 336 (1985).

The Court finds that plaintiff fails to specify any facts in its amended complaint which state a cause of action for fraud. In Count IV of his amended complaint, plaintiff alleges only that defendant's agents made "false, fraudulent, and misleading" representations to him "to induce him to enter into an agreement to purchase the said Mercedez Benz 250 motor vehicle en-

gine." Amended Complaint, Count IV ¶¶ 34, 35. Plaintiff further alleges that "[i]n making the aforesaid representations, the Defendant, U.S. INTERNATIONAL MOTORS, acted wantonly, oppressively and with such malice as to evince a spirit of mischief or criminal indifference to civil obligations." *Id.* at ¶ 35. In order to support a fraud claim, something more than general allegations must be averred. "In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). Even if the Court liberally construed plaintiff's pleadings as it must, Fed.R.Civ.P. 8(f), and drew all reasonable inferences arising therefrom in his favor, the Court still would not find a viable fraud claim.

Furthermore, assuming *arguendo*, that the Court found a basis for plaintiff's fraud claim, punitive damages would not lie in this action. A "trial court is plainly not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction." *Zahn v. International Paper Co.,* 469 F.2d 1033 n. 1 (2d Cir.1972), *aff'd* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1974) (citing *Schroeder v. Nationwide Mutual Insurance Co.,* 242 F.Supp. 787, 789 (S.D.N.Y.1965)). "Indeed, in computing the jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Id.* "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1191 (D.C. Cir.1983) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289–90, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938)). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty ... that the plaintiff never was entitled [to the amount claimed], and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *Id.*

 Plaintiff's general assertion that defendant acted with malice when its agents made the alleged false statements does not amount to the level of "actual malice" necessary to warrant an award of punitive damages under Maryland law. Plaintiff has failed to show or even allege that defendant acted "without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." *Testerman,* 338 A.2d at 52. Such despicable behavior cannot be ascribed to the defendant based on the allegations contained in plaintiff's amended complaint.

In light of the foregoing, the Court finds that it lacks subject matter jurisdiction over this action. Plaintiff cannot meet the $50,000 jurisdictional amount under the Magnuson-Moss Act; thus federal question jurisdiction does not exist. Accordingly, the Court grants defendant's motions to dismiss.