**LEXECON, INC., Plaintiff,**

v.

**Herbert H. HAFT, and Sherman, Meehan & Curtin, P.C., Defendant.**

**Civil Action No. 95–00713.**

United States District Court, District of Columbia.

Feb. 1, 1996.

Steven F. Benz, Kellogg, Huber, Hansen Todd & Evans, Washington, DC, for Lexecon Incorporated.

Stanley James Reed, Susan Berry Bloomfield, Lerch, Early & Brewer, Bethesda, MD, for Herbert H. Haft.

Randell Charles Ogg, Sherman, Meehan & Curtin, Washington, DC, for Sherman, Meehan & Curtin, P.C.

## OPINION

SPORKIN, District Judge.

This matter comes before the Court on cross motions for summary judgment filed by plaintiff Lexecon, Inc. ("Lexecon") and by defendant Sherman, Meehan & Curtin ("SMC"). Defendant SMC hired Lexecon to provide economic consulting services in Her-

bert Haft's divorce case. Lexecon now seeks payment for those services from SMC and Haft. SMC has moved for summary judgment. Lexecon opposes SMC's motion, and has cross-moved for this Court to enter summary judgment against SMC. At this time, there are no dispositive motions filed by or against defendant Haft.

SMC contends that it acted merely as Haft's agent in hiring Lexecon and that SMC cannot be held personally liable for the services Lexecon performed because SMC disclosed its client's identity to Lexecon. SMC further claims that Lexecon's complaint against SMC is actually a claim that SMC was a surety for Haft, and that such a claim, in the absence of an appropriate written contract, is unenforceable under the Statute of Frauds. Lexecon responds that SMC is liable for its fees as a matter of law because SMC did not expressly inform Lexecon at the outset that it would not be responsible for payment of Lexecon's fees. Lexecon asks this Court to enter summary judgment in its favor and to order SMC to pay its fees and and expenses in the amount of $344,877.77.

## FACTUAL BACKGROUND

SMC represented Herbert Haft in his divorce action in the Superior Court for the District of Columbia. Pursuant to an express authorization by Haft to retain experts to assist in his divorce case, SMC hired Lexecon on behalf of Haft to provide economic consulting services. Specifically, Lexecon agreed to value certain interests of Haft in the Dart Corporation. SMC first contacted Lexecon regarding such services in January 1994, with Lexecon agreeing to provide the services shortly after February 14, 1994. These initial contacts were by telephone, with SMC representatives located in the District of Columbia and Lexecon representatives in Illinois. There was no written contract.

Lexecon provided economic consulting services until it was told in mid-May 1994 that there had been a settlement in the Haft divorce case and that it should stop work. Lexecon sent a series of invoices to SMC seeking payment for its services. SMC accepted Lexecon's February 1994 invoice of $1,704, and paid the bill in early April, 1994,

seeking reimbursement from Haft. SMC also accepted without comment Lexecon's March and April/May invoices. However, such invoices were not paid. On September 19, 1994, an attorney for SMC informed Lexecon that it had forwarded the March and April/May invoices to Haft's representatives.

## SUMMARY JUDGMENT STANDARDS

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If any material facts remain in dispute, then summary judgment must be denied.

## ANALYSIS AND DECISION

■ *Choice of Law Issues.* A threshold issue the Court must address is what law to apply in this contract dispute. Under Illinois law, an agent is not personally liable on a contract it executes on behalf of its principal if the agent discloses the identity of its principal. *Strzelecki v. Schwarz Paper Co.*, 824 F.Supp. 821, 829 (N.D.Ill.1993). This common law rule has been applied to law firms that retain experts on behalf of a client for litigation purposes. *See, e.g., Clark v. Maddux*, 118 Ill.App.3d 546, 73 Ill.Dec. 930, 454 N.E.2d 1179 (1983). In contrast, the District of Columbia rule holds an attorney personally liable for expert fees "in the absence of his express declaration to the contrary." *McNeill v. Appel*, 197 A.2d 152, 153 (D.C. 1964).

■ In this diversity action, the Court must apply the choice of law rules of the District of Columbia. In contract cases, the District of Columbia applies the law of the state that has the most significant relationship to the parties and the transaction. *Koro Co. v. Bristol–Myers Co.*, 568 F.Supp. 280,

286 (D.D.C.1983). Five factors are relevant to determining which jurisdiction has the most significant relationship:

(1) the place of contracting;

(2) the place of negotiation of the contract;

(3) the place of performance of the contract;

(4) the location of the subject matter of the contract; and

(5) the place of incorporation and the place of business of the parties.

*Dance v. U.S. International Motors, Inc.*, 647 F.Supp. 1205, 1207 (D.D.C.1986), *citing* Restatement (Second) of Conflict of Laws, § 188 (1971), and *In re Parkwood, Inc.*, 461 F.2d 158 (D.C.Cir.1971).

■ A review of these factors indicates that District of Columbia law controls the contract at issue here. Application of the first two factors does not sway the analysis in favor of either forum since the negotiations and contracting occurred in both Washington, D.C. and Illinois.[1] Nor does the Court find the fifth factor to be particularly helpful to the choice of law determination. Lexecon is incorporated in Illinois, while SMC is incorporated in the District of Columbia. The factor does, however, point slightly toward application of District of Columbia law since Lexecon has indicated that it conducts business with numerous law firms and governmental agencies in the District of Columbia, while there is nothing in the record to suggest that SMC does significant business in Illinois.

With the other factors being essentially in balance, review of factors three and four—the place of performance and location of the subject matter of the contract—points strongly toward applicability of District of Columbia law. Although SMC maintains that most of the economic analysis was performed in Illinois, such location was for Lexecon's convenience and not required by the contract. In contrast, certain duties Lexecon had under the contract were necessarily per-

---

1. SMC makes much of the fact that the last act necessary to form the contract—Lexecon's acceptance—occurred by telephone while the Lexecon representative was in Lexecon's offices in Illinois. However, the telephone call was initiated by SMC representatives who were in the District of Columbia at the time. In any event, SMC's argument is a technical one and the point

is minor. The Restatement (Second) of Conflicts of Laws states that "[s]tanding alone, the place of contracting is a relatively insignificant contact" and the place of negotiation "is of less importance when there is no one single place of negotiation and agreement." Restatement (Second) of Conflict of Laws, § 188, comment e (1971).

formed in the District of Columbia. For example, Lexecon prepared for and took depositions in the District of Columbia and was preparing for testimony which would have been given in the District of Columbia Superior Court, had Haft's divorce case not settled. Finally, the subject matter of the contract concerned Haft's divorce in the District of Columbia and the interest of Haft, a District of Columbia resident, in Dart corporation securities. Clearly, the Haft divorce and Haft's interest in Dart were the reasons for retaining Lexecon's services and not, as SMC would have this Court believe, Lexecon's computer.[2]

■ Policy concerns also support application of District of Columbia law. In any analysis of choice of law issues, a court must look to the interests of the forums in the applicability of their laws. Restatement (Second) of Conflicts of Laws, § 6 (1971). Here, District of Columbia lawyers attempt to avoid District of Columbia laws and seek refuge in Illinois laws at the expense of an Illinois corporation. The District of Columbia has a valid interest in ensuring that vendors who provide services in the jurisdiction are paid. This interest would be harmed by application of Illinois law to this case. In contrast, Illinois's interest in protecting its lawyers who retain experts from incurring principal liability will not be harmed by applying District of Columbia law to District of Columbia lawyers.

The Court finds that the District of Columbia has the most significant relationship to the parties and the transaction. Accordingly, the breach of contract claim must be governed by District of Columbia law.

■ *The Motions for Summary Judgment.* Disputes over issues of material facts preclude this Court from entering summary judgment for either party at this time. SMC claims that during pre-contract negotiations it disclaimed responsibility for payment of Lexecon's services and told Lexecon that Haft would be responsible for the bill. Lexe-

con in contrast states that SMC never disclaimed its own liability. Evidence in the record indicates that SMC told Lexecon that Haft would be responsible for the bill. Deposition of Mark S. Carlin at Tr. 57–59. However, other evidence calls this testimony into doubt. Deposition of Robert S. Stillman at Tr. 320–21. More important, despite SMC's claim in its brief that SMC expressly disavowed its own liability, it is unclear what if anything SMC actually said about its responsibility to pay Lexecon. The Court also believes further development of the factual record would be helpful with regard to whether SMC's acceptance (and in one case payment) of Lexecon's initial invoices suggested that it would be responsible for paying Lexecon for its services. Finally, the amount owed to Lexecon is in dispute.

■ SMC claims that, given the lack of a written contract, the Statute of Frauds requires that the Court grant summary judgment in its favor. This defense seems inapplicable to the current case. Lexecon has not claimed that SMC is liable because it promised it would answer for the debts of Haft, but rather is proceeding under a theory that SMC is liable to Lexecon because SMC directly hired Lexecon to provide certain services and did not stipulate that it must only look to its client for payment. Accordingly, the lack of a written contract between SMC and Lexecon does not preclude the possibility that Lexecon could prevail at trial.

Accordingly, because there remain disputed issues of material fact, the Court will deny SMC's motion for summary judgment. The Court will also deny Lexecon's cross motion for summary judgment.

---

**2.** SMC relies on a comment to the Restatement of Conflicts of Laws which states that "[w]hen the contract deals with a specific physical thing, such as land or a chattel, or affords protection against a localized risk, such as the dishonesty of an employee in a fixed place of employment, the location of the thing or of the risk is significant." Restatement (Second) of Conflicts of Laws,

§ 188, comment 3 (1971). SMC cites no authority for stretching a comment dealing with contracts for land or chattel to encompass a contract for economic analysis conducted in part on a computer. The Court finds SMC's argument that the subject matter of the Lexecon contract was Lexecon's computer to be without merit.